Weygandt, C. J.
 

 The basis of these controversies is the fact that in each case the plaintiff failed to present its claim to the executors within a pe'riod of four months as provided by Section 10509-112, General Code (114 Ohio Laws, 426), and likewise failed to file a petition for reinstatement of the claim under the provisions of Section 10509-134, General Code (114 Ohio Laws, 431).
 

 The first question presented is whether the requirements of Section 10509-112, General Code, are mandatory or merely directory. The language of this section is as follows:
 

 “Creditors shall present their claims, whether due or not due, to the executor or administrator within four months after the date of his appointment. Such executor or administrator shall allow or reject all claims, except contingent claims, within thirty days after their presentation. Any claim presented after the time herein provided shall not prevail as against
 
 bona fide
 
 purchasers or as against executors and administrators who have acted in good faith, or against a surviving spouse who has made the election to take un
 
 *566
 
 der the will or at law, and, except as to negotiable instruments maturing subsequent to the expiration of such time, any such late claim shall not prevail as against
 
 bona fide
 
 distributees.”
 

 The notes upon which these actions are predicated were overdue at the time of Mr. Smith’s death. In construing this section this court in the syllabus of the case of
 
 Beach, Rear.,
 
 v.
 
 Mizner, Exr.,
 
 131 Ohio St., 481, 3 N. E. (2d), 417, unanimously held that:
 

 “1. Sections 10509-112 and 10509-134, General Code (114 Ohio Laws, 320), must be construed together.
 

 “2. These sections are statutes of limitation (or nonclaim statutes) which bar creditors’ claims unless presented to an executor or administrator within four months after the date of appointment.
 

 “3. A barred claim may be reinstated and presented to an executor or administrator upon leave first obtained from the Probate Court in the manner provided in Section 10509-134, General Code.”
 

 In the opinion it was noted that in the very first sentence appears the unambiguous, mandatory requirement that “creditors shall present their claims * * * within four months.” Nothing in the context weakens the force of this clear language employed by the General Assembly.
 

 Later, in the opinion in the case of
 
 State, ex rel. Fulton, Supt.,
 
 v.
 
 Coburn,
 
 133 Ohio St., 192, 12 N. E. (2d), 471, the decision in the
 
 Beach case, supra,
 
 was cited and approved.
 

 Likewise, in the case of
 
 Pierce
 
 v.
 
 Johnson, Exr.,
 
 136 Ohio St., 95, 23 N. E. (2d), 993, this requirement was held applicable to an unliquidated claim for damages arising out of tort.
 

 However, the plaintiff contends that it did not learn of the death of Mr. Smith until after the executors had administered the estate and the remaining assets had been placed in the hands of the trustee; that the execu
 
 *567
 
 tors had knowledge of the plaintiff’s claims; that they listed the claims in the schedule of debts which was filed within four months; that after the expiration of that period they made payments on the claim involved in the first case; and that the decision of this court in the case of
 
 Gerhold, Admx.,
 
 v.
 
 Papathamasion,
 
 130 Ohio St., 342, 199 N. E., 353; 103 A. L. R., 334, is applicable to these'circumstances.
 

 The defendant trustee denies that the death of Mr. Smith was unknown to the plaintiff. While this court does not decide issues of fact upon review, it should be observed that there is evidence indicating a knowledge of circumstances sufficient to put the plaintiff upon inquiry in ample time either to present the claims within the four months or to file a petition under favor of Section 10509-134, General Code, asking reinstatement of the claims after they had become barred.
 

 With reference to knowledge on the part of the executors, the record discloses that the following statement relating to the first note appears in the schedule of debts:
 

 “The Prudential Insurance Company of America, Newark, N. J. (Joyce Realty Co., 37 North Third Street, Columbus, Ohio).
 

 “$8,650. This is a possible liability which has become known to the executors. It has not, however, been presented and consequently has been neither allowed nor rejected. Information is not possessed sufficient to accurately list or describe the same. The amount is only estimated.”
 

 A similar statement likewise appears with reference to the second note.
 

 As to the contention that the executors made payments on the claim involved in the first case, the undisputed evidence is that these were made to the Joyce building company, or its successor in name, as payments on a stock subscription and the stock was issued.
 
 *568
 
 It is true that the money so paid by various stockholders was used by the company to pay so-called carrying charges, including interest due to the plaintiff, but there is no evidence of a payment by the executors to the plaintiff.
 

 In the
 
 Gerhold case, supra,
 
 this court held that:
 

 “The provisions of Sections 10509-112 and 10509-134, General Code (114 Ohio Laws, 320), do not require the owner of a promissory note to present his claim thereunder to an executor or administrator when the executor or administrator at the time of his appointment is already in possession of the note for collection.”
 

 In the instant cases the executors lacked the information necessary to describe accurately the possible liability, while in the
 
 Gerhold case
 
 the executor had complete knowledge of the definite obligation. In the
 
 Gerhold case
 
 the note already was in possession of the executor, but in the present cases the notes were not. Furthermore, in the
 
 Gerhold case
 
 the' executor not only had complete knowledge of the obligation and possession of the note but was acting as agent of the holder of the note and was charged with the further duty to collect the unpaid balance; and, in addition to these facts, the executor was succeeded by an administratrix
 
 de bonis non
 
 who herself was a co-maker on the note.
 

 The judgments of the Court of Appeals in the instant cases were not erroneous and must be affirmed.
 

 Judgments affirmed.
 

 Matthias, Hart, Bell and Williams, JJ., concur.
 

 Turner, J., not participating.