ROBINSON, APPELLANT, *v.* ENGLE, ADMX., APPELLEE.

(No. 539—Decided November 21, 1953.)

*Messrs. Sharts, Singer & Brown* and *Messrs. Smith & Smith,* for appellant.

*Messrs. Landis, Ferguson, Bieser & Greer* and *Messrs. Miller & Finney,* for appellee.

HORNBECK, J. This is an appeal on questions of law from an order of the Common Pleas Court refusing to permit plaintiff to withdraw his oral motion to dismiss his case without prejudice.

Four errors are assigned.

1. Error in the overruling of plaintiff's motion for leave to withdraw his oral motion for leave to dismiss without prejudice and order said case to be set for trial.

2. In refusing to hold the defendant had waived the defense of failure to present the claim to the administratrix under Sections 10509-112 and 10509-134, General Code.

3. In granting plaintiff's previous oral motion and in dismissing his action without prejudice, in spite of his application to withdraw it and have his case reset for trial.

4. Sections 10509-112 and 10509-134, General Code, are in violation of the constitutional right to jury trial.

The action was for damages for personal injuries claimed to have been suffered by plaintiff in an automobile accident because of the negligence of defendant's decedent. Issues were joined on a petition and answer. The petition did not aver that the plaintiff's claim had been presented to the defendant-administratrix. The answer was, in the main, a general denial. The cause came on to be tried to a judge and jury. The plaintiff presented his case in chief and rested, whereupon, the defendant moved for a directed verdict for the reason that the evidence of the plaintiff did not show that any claim was presented to the administratrix of the estate for allowance or rejection within four months after her appointment. When the motion was presented at trial, the judge inquired of counsel if any claim had been presented to the estate, to which counsel for plaintiff answered, "No." The record discloses that counsel argued the question and that time

was accorded to counsel for plaintiff to examine the law after which counsel returned to the courtroom in the presence of the jury. Plaintiff then requested the court to dismiss the case without prejudice, which motion, according to the bill of exceptions, was sustained and the jury was dismissed, the court explaining to the jury that it was dismissed because of the failure of the plaintiff to comply with Section 10509-112, General Code.

The court, in passing on the motion, said:

"An entry may be drawn dismissing the case at the request of plaintiff without prejudice to another action."

It has been held that notwithstanding the provisions of Section 11586, General Code, authorizing voluntary dismissals by plaintiffs in actions which have not been finally submitted, the trial court in its discretion may deny the motion for voluntary dismissal. *Conner* v. *Drake*, 1 Ohio St., 166. Obviously, as the court has discretion as to dismissal by a plaintiff before submission, it is more reason why it should have discretion in passing upon a motion such as was filed here to withdraw a former motion which had been passed upon adversely to the plaintiff and the jury discharged by reason thereof. It is said that a court speaks only through its journal. This, of course, is true, but the court having ordered that an entry be prepared, it may be done even at this late date.

Let us assume that we hold the court to have erred in its holding that the plaintiff's right to proceed was barred because he had not presented his claim to the administratrix for allowance or rejection. We could not reverse the order because there is still involved the discretionary right of the court to deny the second motion.

This action having been dismissed on plaintiff's own

motion without prejudice, it can not be said that the refusal of the court upon its interpretation of Section 10509-112, General Code, to reinstate the case would preclude the instituting of a new action by him. Neither would an opinion of this court refusing to accept plaintiff's view of the law in its application to his cause preclude further proceedings on his part to recover damages against the defendant.

We doubt if we can properly consider the errors assigned. There is no claim that the trial judge abused his discretion in overruling the motion of the plaintiff to withdraw his oral motion and to reinstate the case. However, as counsel have briefed the questions which they concede are involved on this appeal, we will consider and determine them.

Four specific questions are raised.

1. Is the plaintiff a claimant within the meaning of Section 10509-112, General Code, and required to file his claim with the administratrix as provided in that section.

2. If so required, has the administratrix waived the right to invoke the benefit of this section by answering and going to trial without asserting the failure of the plaintiff to conform to the statute.

3. Does the case of *Pepper* v. *Sidwell, Admx.*, 36 Ohio St., 454, have controlling effect upon this appeal.

4. Is Section 10509-112, General Code, unconstitutional.

The second question is answered in the second paragraph of the syllabus in *Prudential Ins. Co. of America* v. *Joyce Building Realty Co.*, 143 Ohio St., 564, 56 N. E. (2d), 168:

"The requirements of Section 10509-112, General Code, that 'creditors shall present their claims, whether due or not due, to the executor or administrator within four months after the date of his appointment' are mandatory and may not be waived by him."

The syllabus in *Pepper* v. *Sidwell, Admx.*, 36 Ohio St., 454:

"In an action against an administrator, the objection that the claim sued on was not presented for allowance before the action was brought, is waived, where the administrator joins issue and goes to trial on the validity of the claim without objection."

That syllabus, and the language of the opinion supporting the conclusion, are in direct conflict with the second paragraph of the syllabus of the *Prudential Insurance Company case*. The trial judge and counsel have undertaken to differentiate the *Prudential Insurance Company case* from *Pepper* v. *Sidwell, supra*, upon the claim that there is a marked difference in the statutes effective when *Pepper* v. *Sidwell* was announced and when the latter opinion was released. Manifestly, the Supreme Court must have had knowledge of *Pepper* v. *Sidwell* when it decided the *Prudential Insurance Company case* and must have felt that there was enough difference in the controlling sections of the Code as to justify the pronouncement as made in the latter case. It is not for us to use an earlier case as determinative of a legal question when a latter case of the same court to the contrary is available. Inasmuch as the Supreme Court did not see fit to mention *Pepper* v. *Sidwell* in the opinion or the syllabus of the *Prudential Insurance Company case,* we may assume that the court had no purpose to disturb it as it related to the section of the statutes applicable at the time of the decision.

Judge Barnes in the Court of Appeals opinion in *Prudential Ins. Co.* v. *Joyce Realty Co.*, 44 Ohio Law Abs., 481, 487, 65 N. E. (2d), 516, quotes as follows from 21 American Jurisprudence, 617:

" 'The great weight of authority is to the effect that an executor or administrator can not waive, the * * * "nonclaim" * * * statute of limitations under which

claims must be presented * * *.' '' He cites authorities from several states in support of his conclusion.

In *Beach, Recr.,* v. *Mizner, Exr.,* 131 Ohio St., 481, 3 N. E. (2d), 417, the court held, as disclosed by the first two paragraphs of the syllabus:

"1. Sections 10509-112 and 10509-134, General Code, * * * must be construed together.

"2. These sections are statutes of limitation (or nonclaim statutes) which bar creditors' claims unless presented to an executor or administrator within four months after the date of appointment."

This pronouncement was followed in the *Prudential Insurance Company case.*

In *Pierce* v. *Johnson, Exr.,* 136 Ohio St., 95, 23 N. E. (2d), 993, 125 A. L. R., 867, the first paragraph of the syllabus holds:

"A person having an unliquidated claim for damages arising out of tort is a creditor within the meaning of Section 10509-112, General Code, requiring presentation of claims by creditors to the executor or administrator within a specified time."

The *Pierce case* was decided in 1939 prior to the enactment of the present Section 10509-112, General Code, but it is contended by appellant that creditor and claimant are not synonymous terms and that it may not be held that the plaintiff here is a claimant, as contemplated by the statute. It is our opinion that the word, "claimants," is more inclusive than the word, "creditors," and, manifestly, it does include the plaintiff. The language of the statute as it now reads is, in part:

"All claimants shall present their claims to the executor or administrator in writing, including claims arising out of contract, out of tort, on cognovit notes or on judgments, whether due or not due, secured or unsecured, liquidated or unliquidated."

The right of action of plaintiff is predicated upon a

tort. Therefore, claimant's claim arises out of tort. The section in a latter part provides, ''any person whose claim has been presented and allowed (and not thereafter rejected) shall be deemed a creditor as said term is used in this chapter.''

This language recognizes a differentiation between creditor and claimant. The language employed in this section is about as inclusive as it would be possible to make it and there is no interpretation which would not include the plaintiff as a claimant by reason of his cause of action set up in the instant case.

The claim that the controlling section of the Code denies plaintiff the right to a jury trial and is, therefore, unconstitutional is not well made. The question is one of law for the determination of the judge and ''due process'' is accorded. A jury decides factual issues only.

We have not considered and discussed many of the cases cited by counsel in their complete and helpful briefs. We are satisfied that the cases which we have cited are determinative of all the questions raised, and that the trial judge was not in error in his construction of the law controlling.

The judgment is affirmed.

*Judgment affirmed.*

WISEMAN, P. J., and MILLER, J., concur.