**In re ESTATE OF KNEPPER; Ottawa Properties, Inc., Appellant.**

[Cite as *In re Estate of Knepper* (1995), 107 Ohio App.3d 78.]

Court of Appeals of Ohio,
Third District, Hancock County.

No. 5-95-30.

Decided Nov. 3, 1995.

*Betts, Miller & Russo* and *Roger L. Miller,* for appellant.

*Drake, Phillips, Kuenzli & Clark* and *Thomas D. Drake,* for appellee.

---

· HADLEY, Judge.

This appeal, having been heretofore placed on the accelerated calendar, is considered pursuant to App.R. 11.1(E) and Loc.R. 12. Pursuant to Loc.R. 12, we hereby elect to issue a full opinion in lieu of a judgment entry.

This is an appeal from the June 1, 1995 judgment entry of the Probate Court of Hancock County denying the application of appellant, Ottawa Properties, Inc. ("Ottawa"), for payment of a claim by appellee, the executor of the estate of Shelby V. Knepper, for the reason that Ottawa failed to timely comply with the requirements of R.C. 2117.06(A) by filing its claim within one year after the death of decedent.

Appellant raises the following three assignments of error:

"I. The Probate Court erred in failing to order the Executor of the Estate of Shelby V. Knepper to pay Ottawa's claim as a remedy to redress the failure of the Executor to make Ottawa, or its predecessor in interest, Diamond Savings and Loan Company ('Diamond'), a party to his action to sell real estate as required under Section 2127.12(C) of the Ohio Revised Code ('O.R.C.').

"II. The Probate Court erred in finding that Ottawa failed to file a claim against the Estate of Shelby V. Knepper which met the requirements of Section 2117.06(A), O.R.C.

"III. The Probate Court erred in ruling that Ottawa was not denied due process of law under the Fourteenth Amendment, U.S. Constitution, by the Executor's failure to give Ottawa notice of the decedent's death by mail or other means as certain to insure actual notice."

On October 6, 1989, Diamond Savings and Loan Company ("Diamond") caused a certificate of judgment lien, reflecting a judgment obtained against the decedent on a credit card balance, to be filed in the clerk's records of the Hancock County Court of Common Pleas.

In October 1992, Diamond was merged out of existence and the judgment lien was transferred to Ottawa, whose main offices are in Michigan and North Carolina. A skeleton crew remained to box up records in Hancock County where Diamond formerly had its office. Only two employees remained there from the fall of 1993 to April 1994, and since that date no Diamond employee has been stationed at that location. Mail has been forwarded since the merger to the Michigan offices.

The decedent died on February 8, 1994. The next day, his obituary was printed in a newspaper of general circulation in Hancock County. Notice of the hearing on estate inventory was also published in the paper on April 2 and 7, 1994.

On May 20, 1994, the executor of the estate began an action pursuant to R.C. 2127.12 to sell a parcel of the estate's real estate and named nineteen separate defendants; however, neither Ottawa nor its predecessor Diamond, which at the time had a valid lien as mentioned above, was named in the action. In addition, no Civ.R. 4 service upon Ottawa is reflected in the record.

Ottawa's lien was not refiled and no execution was issued thereon. The lien lapsed on October 6, 1994, and became dormant in accordance with R.C. 2329.07.

Ottawa did not have actual notice of the death or the institution of the probate proceedings until March 14, 1995 and subsequently notified the executor on March 23, 1995 of the lien and debt, which was $7,974.67 as of March 18, 1995, plus interest at $1.96 per day thereafter until paid. The executor has sufficient funds to pay the amount claimed but has refused because the claim was not timely filed and the judgment lien had lapsed.

On April 4, 1995, Ottawa filed an application for payment of its claim in the probate court. The parties stipulated to the facts and filed briefs. The probate court found that Ottawa had "failed to file a claim in the method strictly required in 2117.06(A) of the Revised Code," declined to accept the argument that the claims procedure was unconstitutional, and denied the application for the claim. This appeal followed.

■ R.C. 2117.06 provides that all claims, including those arising out of secured judgments, are to be made to the executor in writing within one year after the death of the decedent or be forever barred. No payment is to be made on any late claim, and no action is to be maintained on any late claim. The purpose of this provision is obviously both to facilitate the prompt administration of estates and to bar claimants who, through indifference, carelessness, or a dilatory attitude, fail to make an effort to file their claims on time.

■ R.C. 2127.12(C) provides that the executor is to make all lienholders whose claims affect the real estate parties to an action to sell real estate. The executor failed to make Ottawa, which had a valid judgment lien at the time of the filing of the action, a party to the action to sell the real estate. Had the executor done so, Ottawa would have had notice of the death of the decedent and may have taken appropriate steps to properly present its claim in response to the action to sell the real estate.

However, if a lienholder is not made a party, the lien is generally not affected by the sale, and any purchaser takes title subject to any valid lien. *Holloway v. Stuart* (1869), 19 Ohio St. 472. Therefore, Ottawa had a legal remedy if it had a valid lien. The fact that the lien had lapsed is not the fault of appellee or the proceedings as it could have been remedied by a refiling or the issuance of an execution. Therefore, assignments of error number one and two are overruled.

■ In addition, Ottawa has not furnished this court with any citation of law that indicates that the mere filing of a certificate of judgment with the clerk of courts coupled with the provisions of R.C. 2127.12(C), requiring that all lienholders be made a party, is sufficient to constitute a presentment of its claim to an executor in compliance with R.C. 2117.06(A).

We are also mindful that C.P.Sup.R. 33 now requires that evidence of title be prepared and extended by a responsible abstract or title company or an attorney's certificate and filed with any request for an order of public sale. The complainant must also file an affidavit stating that Civ.R. 4.1 notice of the sale has been given to all defendants. However, many executors are not attorneys and must employ others to examine the title. In the rare event that a mistake is made by the title examiner, an executor could be unaware of any existing lien and, thus, would be without actual notice.

■ R.C. 2117.06 and the subsequent interpretations thereof that have provided for other than strict compliance with the statutory language have been based upon the executor's having actual notice of the claim in hand through some other means. We do not believe that the law should be extended to provide a presumption of notice based upon the mere filing of a certificate of judgment.

The third assignment of error is overruled and the judgment of the trial court is affirmed.

*Judgment affirmed.*

THOMAS F. BRYANT, P.J., and SHAW, J., concur.