SECREST, Appellant,

v.

CITIZENS NATIONAL BANK OF NORWALK et al., Appellees.

[Cite as *Secrest v. Citizens Natl. Bank of Norwalk*,
154 Ohio App.3d 245, 2003-Ohio-4731.]

Court of Appeals of Ohio,
Sixth District, Huron County.

No. H–02–048.

Decided Sept. 5, 2003.

Robert F. Thornton, for appellant.

William H. Heywood III, for appellees.

---

PIETRYKOWSKI, Judge.

{¶ 1} This is an appeal from the October 17, 2002 order of the Huron County Court of Common Pleas which granted summary judgment in favor of appellees, Citizens National Bank of Norwalk, as executor of the estate of Mary Boyd Secrest, and Citizens National Bank of Norwalk, individually (collectively, "Citizens"). Appellant, Stephen E. Secrest, presents the following assignment of error:

{¶ 2} "The trial court erred to the prejudice of appellant in entering summary judgment in favor of both defendants."

{¶ 3} The relevant facts are as follows. Mary Secrest died on August 3, 1996. Her will was admitted into probate and Citizens was appointed executor.

{¶ 4} Prior to Mrs. Secrest's death, and pursuant to his power of attorney, appellant handled his mother's financial affairs and provided for her health and general-welfare needs. According to his power of attorney, appellant was to be reimbursed $35 per hour for these services, on a monthly basis. It is undisputed that appellant did not bill his mother during her lifetime.

{¶ 5} David Nocjar, senior trust officer for Citizens, testified at deposition that he was in charge of administering the Secrest estate but had not probated many estates. Nocjar stated that two days prior to the expiration of the one-year statutory period for filing claims against the estate, appellant called him on the telephone and said that he was having difficulty getting the paperwork together for his claim under his power of attorney. Nocjar testified that he indicated to appellant that he would accept a late claim, but Nocjar thought that the claim would be filed within the next month.

{¶ 6} Appellant, by affidavit, stated that he had spoken with Nocjar about the claim several times prior to the expiration of the time period. Appellant indicated to Nocjar that his claim would be in excess of $20,000.

{¶ 7} Appellant submitted his $26,092.50 claim on December 31, 1999. In a letter from Citizens' counsel, dated March 13, 2001, appellant's claim was denied because it was filed outside the time limit prescribed in R.C. 2117.06(B). Appellant, on May 8, 2001, filed a complaint in the Huron County Court of Common Pleas, alleging waiver and estoppel. Appellant's sole assignment of error disputes the trial court's finding that in granting summary judgment to Citizens, Nocjar did not have the authority to waive the mandatory presentation requirement under R.C. 2117.06. Appellant further argues that the trial court erred in rejecting his estoppel argument.

{¶ 8} In reviewing a grant of summary judgment, this court must apply the same standard as the trial court. *Lorain Natl. Bank v. Saratoga Apts.* (1989), 61 Ohio App.3d 127, 129, 572 N.E.2d 198. Summary judgment will be granted when there remains no genuine issue of material fact and when, construing the evidence most strongly in favor of the nonmoving party, reasonable minds can only conclude that the moving party is entitled to judgment as a matter of law. Civ.R. 56(C).

{¶ 9} As to the issue of waiver, appellant contends that under the circumstances of this case, formal presentation of the claim was waived. Conversely, Citizens asserts that the one-year presentation requirement in R.C. 2117.06 is mandatory and may not be waived.

{¶ 10} R.C. 2117.06 provides:

{¶ 11} "(A) All creditors having claims against an estate, including claims arising out of contract, out of tort, on cognovit notes, or on judgments, whether due or not due, secured or unsecured, liquidated or unliquidated, shall present their claims in one of the following manners:

{¶ 12} "(1) To the executor or administrator in a writing;

{¶ 13} "(2) To the executor or administrator in a writing, and to the probate court by filing a copy of the writing with it;

{¶ 14} "(3) In a writing that is sent by ordinary mail addressed to the decedent and that is actually received by the executor or administrator within the appropriate time specified in division (B) of this section. For purposes of this division, if an executor or administrator is not a natural person, the writing shall be considered as being actually received by the executor or administrator only if the person charged with the primary responsibility of administering the estate of the decedent actually receives the writing within the appropriate time specified in division (B) of this section.

{¶ 15} "(B) All claims shall be presented within one year after the death of the decedent, whether or not the estate is released from administration or an

executor or administrator is appointed during that one-year period. Every claim presented shall set forth the claimant's address.

{¶ 16} "(C) A claim that is not presented within one year after the death of the decedent shall be forever barred as to all parties, including, but not limited to, devisees, legatees, and distributees. No payment shall be made on the claim and no action shall be maintained on the claim * * *."

{¶ 17} The purpose of R.C. 2117.06(B) is "both to facilitate the prompt administration of estates and to bar claimants who, through indifference, carelessness, or a dilatory attitude, fail to make an effort to file their claims on time." *In re Estate of Knepper* (1995), 107 Ohio App.3d 78, 81, 667 N.E.2d 1039. Ohio courts have held that an executor or an administrator may not waive the statute of limitations upon which a claim against an estate must be presented. *Prudential Ins. Co. v. Joyce Bldg. Realty Co.* (1944), 143 Ohio St. 564, 28 O.O. 480, 56 N.E.2d 168, paragraph two of the syllabus; *Fortelka v. Meifert* (1964), 176 Ohio St. 476, 480, 27 O.O.2d 439, 200 N.E.2d 318; *Robinson v. Engle* (1953), 96 Ohio App. 238, 54 O.O. 278, 120 N.E.2d 611; *Varisco v. Varisco* (1993), 91 Ohio App.3d 542, 632 N.E.2d 1341.

{¶ 18} Appellant primarily relies upon *Pepper v. Sidwell* (1881), 36 Ohio St. 454, 1881 WL 19, to support his argument that Nocjar had the authority to waive the one-year limitations period. In *Pepper*, the Supreme Court of Ohio held, "The provision of the statute exempting the administrator from liability to be sued, until certain preliminary steps are taken, or a certain period of time has elapsed, is a privilege that may be waived." Id. at 457, 1881 WL 19.

{¶ 19} In *Robinson v. Engle*, supra, the appeal was taken from the trial court's dismissal of a jury after it was discovered that the personal-injury claim was not first presented to the administrator as required by statute. The *Robinson* court addressed the question of whether *Pepper v. Sidwell*, supra, had controlling effect upon the appeal. Reaching a negative answer, the court recognized that the conclusion in *Pepper* was in direct conflict with the Supreme Court's decision in *Prudential Ins. Co. v. Joyce Bldg. Realty Co.*, supra. The court reasoned:

{¶ 20} "That syllabus [in *Pepper v. Sidwell* ], and the language of the opinion supporting the conclusion, are in direct conflict with the second paragraph of the syllabus of the *Prudential Insurance Company* case. The trial judge and counsel have undertaken to differentiate the *Prudential Insurance Company* case from *Pepper v. Sidwell*, supra, upon the claim that there is a marked difference in the statutes effective when *Pepper v. Sidwell* was announced and when the latter opinion was released. Manifestly, the Supreme Court must have had knowledge of *Pepper v. Sidwell* when it decided the *Prudential Insurance Company* case and must have felt that there was enough difference in the

controlling sections of the Code as to justify the pronouncement as made in the latter case. It is not for us to use an earlier case as determinative of a legal question when a latter case of the same court to the contrary is available. Inasmuch as the Supreme Court did not see fit to mention *Pepper v. Sidwell* in the opinion or the syllabus of the *Prudential Insurance Company* case, we may assume that the court had no purpose to disturb it as it related to the section of the statutes applicable at the time of the decision." *Robinson,* 96 Ohio App. at 242, 54 O.O. 278, 120 N.E.2d 611.

{¶ 21} In the present case, as in *Robinson,* we decline to follow the holding in *Pepper* and adhere to the Ohio Supreme Court's more recent pronouncement in *Prudential.* Applying *Prudential,* we find that Nocjar, as the executor of Secrest's estate, did not have the authority to waive the mandatory requirement under R.C. 2117.06(B) that claims against the estate be presented within one year. Thus, we find that the trial court did not err in concluding that Nocjar had no authority to inform appellant that he would accept a late claim.

{¶ 22} Appellant also argues that Citizens should be estopped from asserting the limitations period as a defense based upon Nocjar's statement that a late claim would be accepted. "The purpose of equitable estoppel is to prevent actual or constructive fraud and to promote the ends of justice." *Ohio State Bd. of Pharmacy v. Frantz* (1990), 51 Ohio St.3d 143, 145, 555 N.E.2d 630. In order to establish a prima facie case for equitable estoppel, a plaintiff must prove the following: "(1) that the defendant made a factual misrepresentation; (2) that it is misleading; (3) [that it] induces actual reliance which is reasonable and in good faith; and (4) which causes detriment to the relying party." *Doe v. Blue Cross/Blue Shield of Ohio* (1992), 79 Ohio App.3d 369, 379, 607 N.E.2d 492, citing *First Fed. S & L. Assn. v. Perry's Landing, Inc.* (1983), 11 Ohio App.3d 135, 145, 11 OBR 215, 463 N.E.2d 636.

{¶ 23} Applying the *Doe* factors, it is undisputed that Nocjar stated that he would accept a late claim and that his statement was misleading in that it was contrary to the mandatory presentment period. As to reliance, appellant stated in his affidavit that Nocjar told him that the time limit for the presentation of his claim would not be enforced and that appellant should submit the claim "when he could." Nocjar did state, during his deposition, that just two days prior to the expiration of the time period, appellant indicated that he would not be able to present his claim on time. Assuming that appellant did rely on Nocjar's statement and that it were somehow possible that he could have presented his claim on time, the question becomes, according to *Doe,* whether appellant's reliance was "reasonable and in good faith."

{¶ 24} The deadline for the presentation of appellant's claim was August 3, 1997. Appellant filed his claim against the estate on December 31, 1999. As

stated above, the purpose of R.C. 2117.06 is to "facilitate the prompt administration of estates" and to prevent careless or indifferent claimants from filing late claims. *In re Estate of Knepper,* 107 Ohio App.3d at 81, 667 N.E.2d 1039. Against the purpose of R.C. 2117.06, we balance the principle of equitable relief, which, again, is to "promote the ends of justice." "Another maxim of no small extent is, that he who seeks Equity, must do Equity." Joseph Story in Commentaries on Equity Jurisprudence (1836) 1:77. Under the particular facts of this case, we find that appellant's delay in filing his claim for over two years past the statutory limit, or over three years after his mother's death, does not warrant equitable relief. Had appellant filed his claim within a reasonable time after the expiration of the limit, this court may have reached a different conclusion.

{¶ 25} Based on the foregoing, we find appellant's assignment of error not well taken and denied.

{¶ 26} On consideration whereof, we find that substantial justice was done the party complaining, and the judgment of the Huron County Court of Common Pleas is affirmed. Costs of this appeal are assessed to appellant.

Judgment affirmed.

HANDWORK, P.J., PIETRYKOWSKI and LANZINGER, JJ., concur.