OPINION
{¶ 1} Robert Grilli died intestate on July 15, 2004. Mr. Grilli's wife, Virginia Grilli, was appointed administratrix of his estate, appellee herein. The trial court gave appellee until April 30, 2005 to file an inventory.
 {¶ 2} On February 4, 2005, Mr. Grilli's sisters, appellants, Virginia Smith and Diana Camden, on behalf of themselves individually and as shareholders of Grilli Real Estate Corporation and Valerio's, Inc., and on behalf of Grilli Real Estate Corporation as its officers, filed a claim against appellee in the amount of $1,505,895.79 based upon Mr. Grilli's business transactions associated with said corporations. Also, appellants filed a petition for leave to file late claim arguing the claim was not filed within six months of Mr. Grilli's death because the business records necessary to make appellants aware of the existence of the claim were in Mr. Grilli's possession.
 {¶ 3} On February 11, 2005, appellee rejected appellants' claims as being untimely. By judgment entry filed February 16, 2005, the trial court agreed and denied appellants' claim as being time barred pursuant to R.C. 2117.06.
 {¶ 4} Appellants filed an appeal and this matter is now before this court for consideration. Assignment of error is as follows:
 I {¶ 5} "THE TRIAL COURT ERRED AS A MATTER OF LAW, AND ABUSED ITS DISCRETION, TO THE PREJUDICE OF PLAINTIFF-APPELLANTS, IN DENYING THE PETITION FOR LEAVE TO FILE LATE CLAIM OF APPLICANTS VIRGINIA SMITH, DIANA CAMDEN, GRILLI REAL ESTATE CORPORATION, INC. AND VALERIO'S, INC. IN ITS ENTRY OF FEBRUARY 18, 2005."
 I {¶ 6} Appellants claim the trial court erred in denying their request to file a late claim against the estate and in denying them equitable relief. We disagree.
 {¶ 7} R.C. 2177.06 governs presentation and allowance of creditor's claims and procedure and states the following in pertinent part:
 {¶ 8} "(A) All creditors having claims against an estate, including claims arising out of contract, out of tort, on cognovit notes, or on judgments, whether due or not due, secured or unsecured, liquidated or unliquidated, shall present their claims in one of the following manners:
 {¶ 9} "(1) After the appointment of an executor or administrator and prior to the filing of a final account or a certificate of termination, in one of the following manners:
 {¶ 10} "(a) To the executor or administrator in a writing;
 {¶ 11} "(b) To the executor or administrator in a writing, and to the probate court by filing a copy of the writing with it;
 {¶ 12} "* * *
 {¶ 13} "(B) Except as provided in section 2117.061 of the Revised Code, all claims shall be presented within six months after the death of the decedent, whether or not the estate is released from administration or an executor or administrator is appointed during that six-month period. Every claim presented shall set forth the claimant's address.
 {¶ 14} "(C) Except as provided in section 2117.061 of the Revised Code, a claim that is not presented within six months after the death of the decedent shall be forever barred as to all parties, including, but not limited to, devisees, legatees, and distributees. * * *"
 {¶ 15} On February 4, 2005, appellants filed a claim against the estate and leave to file the claim. Because appellee rejected the claim on February 11, 2005, appellee argues the proper procedure is governed by R.C. 2117.12 which states the following in pertinent part:
 {¶ 16} "When a claim against an estate has been rejected in whole or in part but not referred to referees, or when a claim has been allowed in whole or in part and thereafter rejected, the claimant must commence an action on the claim, or that part of the claim that was rejected, within two months after the rejection if the debt or that part of the debt that was rejected is then due, or within two months after that debt or part of the debt that was rejected becomes due, or be forever barred from maintaining an action on the claim or part of the claim that was rejected."
 {¶ 17} There are no provisions in the probate statutes for a petition for leave to file a late claim. We note appellee rejected the claim not only on the statute of limitations issue but on the merits of the claim.
 {¶ 18} Despite the clear statutory procedures, appellants argue equity requires the acceptance of the claim. In support of this position, appellants cite the cases of Gerhold v. Papathanasion (1936),130 Ohio St. 342, Abijah Cheeseman, Administrator of John Kyle v. JamesKyle (1864), 15 Ohio St. 15, and Secrest v. Citizens National Bank ofNorwalk, 154 Ohio App.3d 245, 2003-Ohio-4974.
 {¶ 19} Appellants argue the trial court should have at least granted an evidentiary hearing on the request for equitable relief. No such written request for a hearing was made to the trial court.
 {¶ 20} We find the trial court did not err in not conducting an evidentiary hearing. As the above cases illustrate, the proper form to litigate the applicability of equitable relief is after the filing of a complaint on a rejected claim. The above cited cases are General Division cases that were resolved on direct verdict and summary judgment standards.
 {¶ 21} Upon review, we find the issue on equitable relief is not ripe for this appeal.
 {¶ 22} The sole assignment of error is denied.
 {¶ 23} The judgment of the Court of Common Pleas of Fairfield County, Ohio, Probate Division is hereby affirmed.
Farmer, P.J., Wise, J. and Edwards, J. concur.
 JUDGMENT ENTRY
For the reasons stated in the Memorandum-Opinion on file, the judgment of the Court of Common Pleas of Fairfield County, Ohio, Probate Division is affirmed.