OPINION *Page 2 
{¶ 1} Appellants Virginia Smith, Diana Camden, Grilli Real Estate Corporation, Inc. and Valerio's, Inc. appeal the August 7, 2007, decisions of the Fairfield County Court of Common Pleas granting summary judgment in favor of Appellee Estate of Robert V. Grilli as to Appellants' counterclaim and denying their Motion for an Order Disqualifying Plaintiff-Appellee's counsel and to require withdrawal of same.
 STATEMENT OF THE FACTS AND CASE {¶ 2} Robert Grilli died intestate on July 15, 2004. Mr. Grilli's wife, Virginia Grilli, was appointed administratrix of his estate. The trial court gave Mrs. Grilli until April 30, 2005 to file an inventory.
 {¶ 3} On February 4, 2005, Mr. Grilli's sisters, Virginia Smith and Diana Camden, on behalf of themselves individually and as shareholders of Grilli Real Estate Corporation and Valerio's, Inc., and on behalf of Grilli Real Estate Corporation as its officers, filed a claim against the Estate in the amount of $1,505,895.79 based upon Mr. Grilli's business transactions associated with said corporations. They also filed a petition for leave to file late claim arguing the claim was not filed within six months of Mr. Grilli's death because the business records necessary to make them aware of the existence of the claim were in Mr. Grilli's possession.
 {¶ 4} On February 11, 2005, the Estate rejected said claims as being untimely.
 {¶ 5} By judgment entry filed February 16, 2005, the trial court agreed and denied such claim as being time barred pursuant to R.C. § 2117.06.
 {¶ 6} Appellant appealed the trial court's ruling to this Court. *Page 3 
 {¶ 7} On September 30, 2005, during the pendency of the appeal, the Applicants filed a Motion for relief from judgment pursuant to Civil Rule 60(B) with the Probate Court.
 {¶ 8} On October 13, 2005, this Court affirmed the decision of the lower court. See Virginia Smith v. Estate of Robert V. Grilli, Fairfield App. No. 05-CA-33, 2005-Ohio-5711. In said opinion, this Court stated that the issue on equitable relief was not ripe for appeal at that time.
 {¶ 9} By Judgment Entry dated February 9, 2007, the Probate Court dismissed Appellants' Motion for Relief from Judgment finding that it lacked subjet matter jurisdiction to consider same.
 {¶ 10} On * * *, the Estate filed a Complaint for an accounting against the Appellants requesting an accounting with respect to corporation assets. Attached to the Complaint were multiple letters requesting an accounting, including an accounting for the sale of assets of both corporations by Smith and Camden without any corporate meeting concerning the sale of assets, without any disclosure of sale documents or explanation as to what happened with sale proceeds. The second count of the Complaint asked for declaratory judgment concerning shareholder interest in Valerios, Inc.
 {¶ 11} On May 2, 2006, Appellants filed a Counterclaim.
 {¶ 12} On May 15, 2006, the Appellee Estate filed a Motion for Summary Judgment on Appellants' Counterclaim.
 {¶ 13} On May 24, 2006, Appellants filed a Motion to Disqualify, which was filed by an Amended Motion on May 26, 2006. *Page 4 
 {¶ 14} On June 2, 2006, Appellants filed their Memorandum Contra to Appellee's Motion for Summary Judgment, arguing for "equitable relief from the six-month claim presentation deadline of R.C. § 2117.06.
 {¶ 15} On June 7, 2006, Appellees filed a Reply to Appellant's Memorandum Contra.
 {¶ 16} On June 16, 2006, Appellee filed a Response to Appellants' Motion to Disqualify Counsel.
 {¶ 17} On August 7, 2007, the trial court entered its Judgment Entry holding that Appellees were entitled to summary judgment as a matter of law on Appellants' counterclaim as the action was not commenced within the two-month time period of R.C. § 2117.12.
 {¶ 18} In said entry, the trial court stated:
 {¶ 19} "O.R.C. 211712 states in relevant part:
 {¶ 20} "When a claim against an estate has been rejected in whole . . . the claimant must commence an action on that claim . . . within two months after the rejection . . . or be forever barred from maintaining an action on the claim . . ."
 {¶ 21} By separate Entry dated August 7, 2007, the trial court also denied Appellants' Motion to Disqualify Counsel finding that, based on the pleadings submitted by the parties, the subject matter of the portion of the litigation which remains pending, Appellee's Complaint, and Appellants' Answer and defenses thereto, "is not substantially related to Attorney Riegel's or the Dagger firm's representation of Valerio; s Inc, and Grilli's Real Estate Corporation," and that "Attorney Riegel and the Dagger firm acquired no confidential information from prior representations of these corporations." *Page 5 
 {¶ 22} "For these reasons and consistent with the law set forth inMansfield Plumbing Products v. Franz, [supra]" the court overrules the Defendants' Motion . . ."
 {¶ 23} Appellant now appeals from these two decisions, assigning the following errors for review:
 ASSIGNMENTS OF ERROR {¶ 24} "I. THE TRIAL COURT ERRED TO THE PREJUDICE OF THE DEFENDANTS-APPELLANTS BY GRANTING SUMMARY JUDGMENT IN FAVOR OF PLAINTIFF-APPELLEE, AND AGAINST DEFENDANTS-APPELLANTS IN ITS ENTRY OF AUGUST 7, 2007.
 {¶ 25} "II. THE TRIAL COURT ABUSED ITS DISCRETION AND ERRED TO THE PREJUDICE OF THE DEFENDANTS-APPELLANTS BY OVERRULING DEFENDANTS-APPELLANTS' MOTION FOR AN ORDER DISQUALIFYING PLAINTIFF'S COUNSEL IN ITS ENTRY OF AUGUST 7, 2007
 I. {¶ 26} Appellants claim the trial court erred in granting summary judgment in favor of Appellee. We disagree.
 {¶ 27} "Summary Judgment Standard"
 {¶ 28} Summary judgment proceedings present the appellate court with the unique opportunity of reviewing the evidence in the same manner as the trial court. Smiddy v. The Wedding Party, Inc. (1987),30 Ohio St.3d 35, 36. Civ. R. 56(C) provides, in pertinent part:
 {¶ 29} "Summary judgment shall be rendered forthwith if the pleadings, depositions, answers to interrogatories, written admissions, affidavits, transcripts of *Page 6 
evidence in the pending case, and written stipulations of fact, if any, timely filed in the action, show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law. * * * A summary judgment shall not be rendered unless it appears from such evidence or stipulation and only therefrom, that reasonable minds can come to but one conclusion and that conclusion is adverse to the party against whom the motion for summary judgment is made, such party being entitled to have the evidence or stipulation construed most strongly in his favor."
 {¶ 30} Pursuant to the above rule, a trial court may not enter a summary judgment if it appears a material fact is genuinely disputed. The party moving for summary judgment bears the initial burden of informing the trial court of the basis for its motion and identifying those portions of the record that demonstrate the absence of a genuine issue of material fact. The moving party may not make a conclusory assertion that the non-moving party has no evidence to prove its case. The moving party must specifically point to some evidence which demonstrates the non-moving party cannot support its claim. If the moving party satisfies this requirement, the burden shifts to the non-moving party to set forth specific facts demonstrating there is a genuine issue of material fact for trial. Vahila v. Hall,77 Ohio St.3d 421, 429, 1997-Ohio-259, citing Dresher v. Burt, 75 Ohio St.3d 280,1996-Ohio-107.
 {¶ 31} It is based upon this standard that we review appellant's assignments of error.
 {¶ 32} Appellants claim that their counter-claim should not have been dismissed as untimely, arguing that they filed such counter-claim several months prior to the Probate Court's ruling on their Civ. R. 60(B) Motion for Relief from Judgment. *Page 7 
 {¶ 33} Upon review, we find Appellants argument to be without merit. First, Appellants in the instant case failed to present their claims against the Estate within the six months as required by R.C. § 2117.06.
 {¶ 34} R.C. § 2117.06 Presentation and allowance of creditor's claims;procedure, provides:
 {¶ 35} "(A) All creditors having claims against an estate, including claims arising out of contract, out of tort, on cognovit notes, or on judgments, whether due or not due, secured or unsecured, liquidated or unliquidated, shall present their claims in one of the following manners:
 {¶ 36} "(1) After the appointment of an executor or administrator and prior to the filing of a final account or a certificate of termination, in one of the following manners:
 {¶ 37} "(a) To the executor or administrator in a writing;
 {¶ 38} "(b) To the executor or administrator in a writing, and to the probate court by filing a copy of the writing with it;
 {¶ 39} "(c) In a writing that is sent by ordinary mail addressed to the decedent and that is actually received by the executor or administrator within the appropriate time specified in division (B) of this section. For purposes of this division, if an executor or administrator is not a natural person, the writing shall be considered as being actually received by the executor or administrator only if the person charged with the primary responsibility of administering the estate of the decedent actually receives
 {¶ 40} "(2) If the final account or certificate of termination has been filed, in a writing to those distributees of the decedent's estate who may share liability for the payment of the claim. *Page 8 
 {¶ 41} "(B) Except as provided in section 2117.061 of the Revised Code, all claims shall be presented within six months after the death of the decedent, whether or not the estate is released from administration or an executor or administrator is appointed during that six-month period. Every claim presented shall set forth the claimant's address.
 {¶ 42} "(C) Except as provided in section 2117.061 of the Revised Code, a claim that is not presented within six months after the death of the decedent shall be forever barred as to all parties, including, but not limited to, devisees, legatees, and distributees. No payment shall be made on the claim and no action shall be maintained on the claim, except as otherwise provided in sections 2117.37 to 2117.42 of the Revised Code with reference to contingent claims.
 {¶ 43} "(D) In the absence of any prior demand for allowance, the executor or administrator shall allow or reject all claims, except tax assessment claims, within thirty days after their presentation, provided that failure of the executor or administrator to allow or reject within that time shall not prevent the executor or administrator from doing so after that time and shall not prejudice the rights of any claimant. Upon the allowance of a claim, the executor or the administrator, on demand of the creditor, shall furnish the creditor with a written statement or memorandum of the fact and date of the allowance."
 {¶ 44} Based on the foregoing statute, Appellants claims were therefore rejected as being untimely.
 {¶ 45} The purpose of R.C. § 2117.06(B) is "both to facilitate the prompt administration of estates and to bar claimants who, through indifference, carelessness, or a dilatory attitude, fail to make an effort to file their claims on time." In re Estate of *Page 9 Knepper (1995), 107 Ohio App.3d 78, 81, 667 N.E.2d 1039. Ohio courts have held that an executor or an administrator may not waive the statute of limitations upon which a claim against an estate must be presented.Prudential Ins. Co. v. Joyce Bldg. Realty Co. (1944), 143 Ohio St. 564,28 O.O. 480, 56 N.E.2d 168, paragraph two of the syllabus; Fortelka v.Meifert (1964), 176 Ohio St. 476, 480, 27 O.O.2d 439, 200 N.E.2d 318;Robinson v. Engle (1953), 96 Ohio App. 238, 54 O.O. 278, 120 N.E.2d 611;Varisco v. Varisco (1993), 91 Ohio App.3d 542, 632 N.E.2d 1341.
 {¶ 46} Appellants then failed to file an action in the Common Pleas Court within two months of the rejection of their claims by the Estate as required by R.C. § 2117.12.
 {¶ 47} R.C. § 2117.12 Action on rejected claim barred, provides"
 {¶ 48} "When a claim against an estate has been rejected in whole or in part but not referred to referees, or when a claim has been allowed in whole or in part and thereafter rejected, the claimant must commence an action on the claim, or that part of the claim that was rejected, within two months after the rejection if the debt or that part of the debt that was rejected is then due, or within two months after that debt or part of the debt that was rejected becomes due, or be forever barred from maintaining an action on the claim or part of the claim that was rejected. If the executor or administrator dies, resigns, or is removed within that two-month period and before action is commenced on the claim or part of the claim that was rejected, the action may be commenced within two months after the appointment of a successor.
 {¶ 49} "For the purposes of this section, the action of a claimant is commenced when the complaint and praecipe for service of summons on the executor or *Page 10 
administrator, or on the distributee who received the presentation of the claim as provided in division (A)(2) of section 2117.06 of the Revised Code, have been filed."
 {¶ 50} As set forth above, R.C. § 2117.12 requires an action on a rejected claim to be filed within two months after the rejection. The purpose of requiring suit on rejected claims to be filed within two months of the rejection is to "facilitate the administration of estates and to permit them to be settled and disposed of without delay." SeeFifth Third Bank v. Elliott (Apr. 10, 1989), 2nd Dist. No. 88-CA-61, citing Miller v. Ewing (1903), 68 Ohio St. 176, 67 N.E. 292.
 {¶ 51} As to Appellants' argument that the saving statute R.C. 2305.19
applies in the case sub judice, we find that the saving statute applies to actions filed against an estate under R.C. 2117.12, such an action must be filed within two months after the executor's rejection or be forever barred. The initial complaint against the decedent's estate in this case was not filed within the two-month period following appellant's rejection of the claim, so it is time-barred.
 {¶ 52} Based on the foregoing, we find that the trial court did not err in granting summary judgment to appellees.
 {¶ 53} Appellant's first assignment of error is denied.
 II. {¶ 54} In their second assignment of error, Appellants argue that the trial court erred in overruling their Motion for an Order Disqualifying Plaintiff's counsel. We disagree.
 {¶ 55} This Court reviews a trial court's decision to disqualify a party's counsel under an abuse of discretion standard. 155 N. High Ltd.V. Cincinnati Ins. Co. (1995), *Page 11 72 Ohio St.3d 423, 426, 650 N.E.2d 869. An abuse of discretion implies the trial court's attitude in reaching its decision is unreasonable, arbitrary, or unconscionable. Blakemore v. Blakemore (1983),5 Ohio St.3d 217, 219, 450 N.E.2d 1140. However, disqualification of an attorney is a drastic measure which should not be imposed unless absolutely necessary. Kala v. Aluminum Smelting Refining Co.,Inc. (1998), 81 Ohio St.3d 1, 6, 688 N.E.2d 258, citing Freeman v.Chicago Musical Instrument Co. (C.A.7, 1982), 689 F.2d 715, 721. "Disqualification, therefore, `should ordinarily be granted only when a violation of the Canons of the Code of Professional Responsibility poses a significant risk of trial taint'." Spivey v. Bender (1991),77 Ohio App.3d 17, 22, 601 N.E.2d 56, quoting Glueck v. Jonathan Logan,Inc. (C.A.2, 1981), 653 F.2d 746, 748.
 {¶ 56} When ruling on a motion for disqualification, a trial court must consider the facts in light of the following three-part test, and determine whether:
 {¶ 57} "(1) A past attorney-client relationship existed between the party seeking disqualification and the attorney it seeks to disqualify; (2) the subject matter of those relationships was/is substantially related; and (3) the attorney acquired confidential information from the party seeking disqualification." Phillips v. . Haidet (1997),119 Ohio App.3d 322, 325, 695 N.E.2d 292, quoting Dana Corp. v. Blue Cross BlueShield Mut. of N. Ohio (C.A.6, 1990), 900 F.2d 882, 889.
 {¶ 58} The test is commonly referred to as the Dana test.
 {¶ 59} The trial court reviewed the pleadings submitted by the parties in this case and found that the litigation pending before the trial court was "not substantially related to Atty. Riegel's or the Dagger law firm's representation of Valerio's Inc. or Grilli's Real Estate Corporation." The trial court further found that "Attorney Reigel and the Dagger *Page 12 
law firm acquired no confidential information from prior representations of these corporations." (August 7, 2007, Judgment Entry).
 {¶ 60} In Phillips v. Haidet (1997), 119 Ohio App.3d 322, the Third District Court of Appeals, analyzed a number of cases involving attorney disqualification in order to define "substantial relation", and noted:
 {¶ 61} "* * * a commonality of issues must exist for there to be a substantial relation. The moving party has the duty of showing what the connection between the cases is. * * * Further guidance as to the meaning of `substantial relation' can be found by looking at the plain meaning of the words. `Substantial' is defined as `considerable in importance, value, degree, amount, or extent.' American Heritage Dictionary (2 Ed. 1985) 1213. `Relation' is defined as `a logical or natural association between two or more things; connection.' Id. at 1043. Taken together, the plain meaning of the phrase implies that the two cases must have a clear connection." Id. at 327.
 {¶ 62} Thus, to have a substantial relationship, there must be a commonality of issues between the prior and present representations, and the factual contexts of the two representations must be similar or related.
 {¶ 63} In support of their motion to disqualify, Appellants attached copies of letters sent by their Atty. Gerald Stebelton to Atty. Mark Reigel which addressed Appellants concerns about the Dagger law firms representation of the Estate and prior representation of the corporations.
 {¶ 64} In its response in opposition to the motion to disqualify, Appellee provided an Affidavit of Attorney Mark Reigel wherein he stated that there was no ongoing relationship between the Dagger law firm and Valerio's Inc. and the Grilli Real Estate *Page 13 
Corporation continuing to the February, 2005, date. An Affidavit of Atty. Michael J. O'Reilly was also attached wherein he stated that he acquired no confidential information in his representation of the Grilli Real Estate Corporation wherein he conducted a real estate closing for such corporation.
 {¶ 65} Appellee also presented a review of all closed filed concerning the corporations along with billing records in support of their opposition to the motion for disqualification.
 {¶ 66} The party moving for disqualification has the burden of affirmatively showing "the former attorney-client relationship involved matters substantially related to the latter. Absent such affirmative showing, it is axiomatic that no ethical problem results." Cleveland v.Cleveland Elec. Illum. Co. (N.D.Ohio 1976), 440 F.Supp.193.
 {¶ 67} Upon review, we do not find that the trial court abused its discretion in finding that Appellants did not meet its burden of showing that the subject matter of the legal relationships was substantially related or that said attorneys acquired confidential information as a result of such prior legal representation. *Page 14 
 {¶ 68} Appellant's second assignment of error is denied.
 {¶ 69} The judgment of the Court of Common Pleas of Fairfield County, Ohio, is hereby affirmed.
 Wise, J. Farmer, P.J. and Edwards, J. concur. *Page 15 
 JUDGMENT ENTRY
For the reasons stated in the Memorandum-Opinion on file, the judgment of the Court of Common Pleas of Fairfield County, Ohio, is affirmed.
 Costs assessed to Appellants. *Page 1