O’Neill, J.,
dissenting.
{¶ 24} Respectfully, I dissent.
*375 {¶ 25} There is a simple procedure in Ohio law to permit creditors to present a claim to an estate to be paid. I would hold that appellee, James A. Wilson, sent his written claim in a manner reasonably calculated to get it to appellant, William Lawrence, the executor of the estate of Joseph T. Gorman, and that a jury could reasonably conclude that he satisfied R.C. 2117.06(A)(1)(a).
{¶ 26} Wilson mailed a demand letter to Gorman’s secretary, Pat Clark, on July 11, 2013. The salutation line directed the letter to the “heirs, administrators or executors of the Estate of * * * Joseph T. Gorman, deceased.” Clark received the letter and immediately forwarded it to James A. Goldsmith, the executor’s attorney. Nothing in the record indicates the date on which Clark received the letter or whether it was received by the executor before or after the July 20, 2013 deadline for presentment.
{¶ 27} Wilson also sent the letter to the trustee of Gorman’s trust, Randall S. Myeroff. Myeroff received the letter on July 12, 2013, and he stated that he forwarded it to Goldsmith and Lawrence at or about that time. Again, nothing in the record indicates when Goldsmith or Lawrence received the letter or whether it was received by the executor before or after the July 20, 2013 deadline for presentment. For the purpose of ruling on Lawrence’s motion for summary judgment, however, it is preposterous to conclude that the U.S. Postal Service somehow did not deliver the letter until more than eight days had passed. Reasonable minds simply cannot be expected to accept that scenario.
{¶ 28} R.C. 2117.06(C) bars a claim that is not presented within six months after the death of a decedent. R.C. 2117.06(A)(1) provides several ways by which creditors “shall present their claims.” R.C. 2117.06(A)(1)(a) allows a creditor to present a claim “to the executor or administrator in a writing.”
{¶ 29} The majority applies R.C. 2117.06 more rigidly than its plain language requires, holding that “[a] claimant against an estate does not meet the requirement under R.C. 2117.06(A)(1)(a) to present a claim to the executor or administrator of an estate if the claimant delivers the claim to someone who has not been appointed by a probate court to serve as the executor or administrator of the estate.” Majority opinion at ¶ 23. With due respect to my colleagues, I believe that this holding contorts R.C. 2117.06 beyond its language. If a creditor writes a letter, which is directed in the salutation “to the executor,” and the letter makes its way to the executor prior to the deadline, how can we say that a claimant failed to properly present the claim without adding to the language of the statute?
{¶ 30} The statute does not set forth a specific delivery mechanism but merely requires delivery; it uses the word “present.” As a verb, the word “present” means “to hand or pass over usu. in a ceremonious way: deliver formally for acceptance.” Webster’s Third International Dictionary 1793 (1986). The statute *376 does not address the use of a third party to deliver a claim. Indeed, many courts have resolved a claim on the merits although it was first delivered to a person or an entity, such as the U.S. Postal Service, who was not appointed by a probate court as the executor or administrator of the estate. E.g., Cannell v. Bulicek, 8 Ohio App.3d 331, 334, 457 N.E.2d 891 (8th Dist.1983). Would sending a written claim by FedEx or a private courier service fail the majority’s rule? And if not, why not?
{¶ 31} I am further troubled by the rule adopted today because our case law does not support it. We have called the presentment requirement of R.C. 2117.06 “mandatory.” Fortelka v. Meifert, 176 Ohio St. 476, 480, 200 N.E.2d 318 (1964). The word “mandatory” is not a talisman that the court can carry before it while adding to the statute that a claim letter must be addressed, mailed, or delivered in a specific way. Call a statute “mandatory,” or require “strict compliance” with the law, but we must still require only that an individual comply with the requirements stated in plain English by the General Assembly. In State ex rel. Cincinnati Enquirer v. Lyons, 140 Ohio St.3d 7, 2014-Ohio-2354, 14 N.E.3d 989, we “recognized that use of the term ‘shall’ in a statute or rule connotes a mandatory obligation * * *.” Id. at ¶ 28. We were nonetheless careful to point out that strict compliance requires following the specific words of the law in question. Id. at ¶ 29. I believe for that reason that the dichotomy between strict and substantial compliance in this matter is a false one. R.C. 2117.06 requires delivery of a written claim. It is both a statute of limitations and a notice statute. Prudential Ins. Co. of Am. v. Joyce Bldg. Realty Co., 143 Ohio St. 564, 56 N.E.2d 168 (1944), paragraph one of the syllabus. It is not jurisdictional. In re Estate of Liggons, 187 Ohio App.3d 750, 2010-Ohio-1624, 933 N.E.2d 1118, ¶ 26-28 (6th Dist.).
{¶ 32} The real question here—one the majority simply ignores—is whether it is reasonable to infer that the executor received the written claim within six months of Gorman’s death. There is nothing in this record to demonstrate that he did not receive notice. And there is ample evidence to support the inference that he did. Following the logic of the majority, if a creditor comes to the office of an executor at lunch time and leaves a notice in the inbox on the desk of the executor’s secretary, we would infer that the creditor has not complied with the statute. Must creditors now track down the executor on the seventh hole of the local country club and physically hand the claim to the executor to establish that the claim was “presented”? Is the majority now saying that as a matter of law, the mailing of a letter through the U.S. Postal Service, eight days before the deadline, is a fatally flawed method of delivery? Lawyers across the state are going to be very interested in that interpretation of the law, particularly in a motion for summary judgment.
*377 Triscaro & Associates, Ltd., and Joseph J. Triscaro, for appellee.
Ulmer and Berne, L.L.P., James A. Goldsmith, and Matthew T. Wholey, for appellant.
{¶ 33} This case is before us after summary judgment was granted. Thus, this court “must construe the evidence in a light most favorable to the party opposing the motion [for summary judgment].” Johnson v. New London, 36 Ohio St.3d 60, 61, 521 N.E.2d 793 (1988). “The inferences to be drawn from the underlying facts contained in the affidavits and other exhibits must be viewed in the light most favorable to the party opposing the motion, and if when so viewed reasonable minds can come to differing conclusions the motion should be overruled.” Hounshell v. Am. States Ins. Co., 67 Ohio St.2d 427, 434, 424 N.E.2d 311 (1981). There is testimony in the record before us that the letter was forwarded to the executor on or around July 12, 2015, and it is reasonable to infer from that fact that it arrived less than eight days later and before the deadline on July 20, 2013. Given the paucity of evidence submitted with Lawrence’s motion for summary judgment establishing whether and when the letter arrived to the executor or his attorney, Wilson is entitled to take that factual question, and the rest of his case, to a jury. For the purpose of a summary-judgment analysis, there is no question that reasonable minds could readily accept the inference that delivery to the executor was made. And to be perfectly clear here: where is the affidavit from the executor proclaiming to the world, “I did not get that claim”? I would suggest that it does not exist, which would allow a clear inference that he did receive the claim.
{¶ 34} R.C. 2117.06 requires that a creditor “present” a claim “to” the executor of an estate “in writing” within six months of the death of the decedent, or the claim is forever barred. I would hold that a creditor satisfies the statute by accomplishing delivery of a claim in any manner reasonably calculated to get it “to” the executor of an estate. And I would give Wilson the benefit of that rule in this matter. To hold otherwise is to elevate form over substance.
{¶ 35} Respectfully, I dissent.