[Cite as *Grilli v. Smith*, 2012-Ohio-6146.]

COURT OF APPEALS
FAIRFIELD COUNTY, OHIO
FIFTH APPELLATE DISTRICT

| | | JUDGES: |
|---|---|---|
| ESTATE OF ROBERT V. GRILLI | : | Hon. Patricia A. Delaney, P.J. |
| | : | Hon. W. Scott Gwin, J. |
| Plaintiff-Appellee | : | Hon. William B. Hoffman, J. |
| | : | |
| -vs- | : | |
| | : | Case No. 2012-CA-12 |
| VIRGINIA SMITH, ET AL | : | |
| | : | |
| Defendants-Appellants | : | O P I N I O N |


CHARACTER OF PROCEEDING:      Civil appeal from the Fairfield County Court
                              of Common Pleas, Case  No.
                              2006CV00345

JUDGMENT:                     Affirmed


DATE OF JUDGMENT ENTRY:       December 26, 2012

APPEARANCES:

For Plaintiff-Appellee                For Defendants-Appellants

MARK R. RIEGEL                        RONALD NOGA
Dagger, Johnston, Miller, Ogilvie &   1010 Old Henderson Road, Suite I
Hampson, LLP                          Columbus, Ohio 43220
144 E. Main Street
P. 0. Box667
Lancaster, Ohio 43130-0667

*Gwin, J.,*

{¶1}    Defendants-appellants Virginia Smith, Diana Camden, Grilli Real Estate Corporation and Valerio's, Inc., appeal a judgment of the Court of Common Pleas of Fairfield County, Ohio, entered in favor of plaintiffs-appellees the Estate of Robert V. Grilli by and through Virginia Grilli, the Executor and Administrator and Virginia Grilli in her individual capacity. Appellants assign six errors to the trial court:

{¶2}    "I. THE TRIAL COURT ERRED AS A MATTER OF LAW AND ABUSED ITS DISCRETION IN GRANTING APPELLEE A DEFAULT JUDGMENT ON AN AMENDED COMPLAINT WHEN APPELLANTS HAD APPEARED IN THE CASE, HAD BEEN LITIGATING THE DISPUTE FOR OVER THREE YEARS AND HAD FILED A PROPOSED ANSWER AND MOTION TO FILE OUT OF RULE WITHIN 42 DAYS FROM THE DATE THEIR COUNSEL HAD WITHDRAWN.

{¶3}    "II. THE TRIAL COURT ERRED AS A MATTER OF LAW IN REFUSING TO PERMIT APPELLANTS TO PRESENT EVIDENCE CONSISTENT WITH THE COMMON LAW DEFENSE OF RECOUPMENT TO NULLIFY THE DAMAGE CLAIMS OF APPELLEE.

{¶4}    "III. THE TRIAL COURT ERRED AS A MATTER OF LAW AND ABUSED ITS DISCRETION IN ORDERING JUDICIAL DISSOLUTION OF APPELLANTS, GRILLI REAL ESTATE CORPORATION INC., AND VALERIO'S INC., WHEN THE STATUTORY REQUIREMENTS FOR SUCH DISSOLUTION WERE NOT MET; NONE OF THE PLEADINGS RECITED THE ELEMENTS NECESSARY FOR JUDICIAL DISSOLUTION; THE ISSUE OF DISSOLUTION WAS NEVER EXPRESSLY TRIED; AND JUDICIAL DISSOLUTION WOULD PREJUDICE APPELLANTS IN THAT BOTH

CORPORATIONS HAVE PENDING CLAIMS IN THE COMMON PLEAS COURT AGAINST COUNSEL FOR APPELLEE HEREIN FOR LEGAL MALPRACTICE.

**{¶5}** "IV. THE TRIAL JUDGE (MARTIN) ERRED AS A MATTER OF LAW IN HOLDING THAT THE THREE COUNTS OF THE COMPLAINT FILED BY APPELLANTS HEREIN AGAINST APPELLEE, VIRGINIA GRILLI, AS AN INDIVIDUAL, WERE BARRED BY THE STATUTE OF LIMITATIONS.

**{¶6}** "V. THE COMPLAINT FILED AGAINST VIRGINIA GRILLI INDIVIDUALLY IN CASE NO. 2009-CV -79, CONSOLIDATED HEREIN, WAS NOT FRIVOLOUS AND CANNOT BE THE BASIS FOR SANCTIONS.

**{¶7}** "VI. THE TRIAL JUDGE ERRED AS A MATTER OF LAW IN GRANTING APPELLEE A PARTIAL SUMMARY JUDGMENT ON DAMAGES WITHOUT HOLDING THE HEARING PREVIOUSLY ORDERED BY THE COURT."

**{¶8}** This is the third time these matters have come to us for review. There have been three original cases filed: one in probate court and two in common pleas court. There is also a pending legal malpractice case arising out of these cases. In order to understand what issues are before us, a condensed statement of facts and procedure is necessary.

The Proceedings in Probate Court

**{¶9}** In *Smith v. Estate of Grilli,* 5th Dist. No. 05CA33, 2005-Ohio-5711 (*Grilli I.)* we reviewed the proceedings in the probate case, No. 62498. We found Robert Grilli died intestate on July 15, 2004, and his widow, Virginia Grilli, was appointed the administratrix of his estate. The Probate Court gave Virginia Grilli until April 30, 2005 to file an inventory of his estate. Part of the estate was the decedent's interest in two

businesses decedent and his two sisters had inherited from their father, Grilli Real Estate Corporation and Valerio's, Inc.

{¶10} On February 4, 2005, decedent's sisters, appellants Virginia Smith and Diana Camden, on behalf of themselves individually and as shareholders of Grilli Real Estate Corporation and Valerio's, Inc.; and on behalf of Grilli Real Estate Corporation as its officers, filed a claim against Virginia Grilli in the amount of $1,505,895.79, based upon the decedent's business transactions with regard to the corporations. The claim was not filed within six months of the decedent's death. Smith and Camden filed a petition for leave to file the late claim, arguing they had not filed the claim within the required six months of the decedent's death because the business records necessary to make them aware of the existence of the claim were in the decedent's possession.

{¶11} On February 11, 2005, appellee Virginia Grilli acting as administratrix of the estate, rejected the claims as untimely. The Probate Court agreed and on February 16, 2005, found the claim was time barred. The first appeal then came to this court.

{¶12} In *Grilli I,* we affirmed the Probate Court's judgment based upon R.C. 2117.06. We also held the proper forum to litigate for equitable relief would not be in the Probate Court, but rather in the General Division of the Common Pleas Court, by filing a complaint on the rejected claim. R.C. 2117.12. Our decision was not appealed to the Supreme Court.

The Complaint and Counterclaim in the General Division, No. 06-CV-0345

{¶13} On March 31, 2006, the estate filed a complaint against appellants Smith and Camden for an accounting and declaratory judgment. The complaint requested an accounting for, among other things, the unauthorized sale of assets of both corporations

by appellants Smith and Camden. The complaint asked for a declaratory judgment to determine the parties' shareholder interest in Valerio's, Inc.

**{¶14}** The complaint recited that decedent Robert Grilli was the registered owner and holder of one-third shareholders/ownership interest in the Grilli Real Estate Corporation. Appellees alleged that during the proceedings, appellants had made contradictory statements regarding the interests decedent, Smith, and Camden held in Grilli Real Estate and Valerio's.

**{¶15}** Appellants Diana Camden and Virginia Smith are the sole officers of Grilli Real Estate, and also claim to be the sole officers of Valerio's. Appellees alleged these appellants had custody and control of all records, bank accounts, income and assets of both corporations. Appellees alleged in October 2005 the appellants sold assets of both the corporations without corporate meetings or authorization.

**{¶16}** Appellants filed a counterclaim based upon the facts of the 2005 claim against the estate that had previously been rejected as untimely in the probate proceedings. On August 7, 2007, the trial court granted summary judgment in favor of appellees as a matter of law on the counterclaim, finding the action had not been commenced within two months after rejection of the claim, as required by R.C. 2117.12. The court also ruled on other matters not at issue in this appeal, but did not rule on the merits of appellees' complaint. In the *Estate of Grilli v. Smith,* 5th Dist. No. 07CA51, 2008-Ohio-3126 (*Grilli II)* we affirmed the court's decision.

**{¶17}** After we announced our decision in *Grilli II,* appellees sought leave to amend their original complaint. The court granted leave on September 4, 2008, but the appellees did not actually file the amended complaint until February 13, 2009.

The Amended Complaint and the Counterclaim

{¶18} In the amended complaint, appellees alleged eight counts, including the original two counts from the first complaint, for an accounting and for a declaratory judgment delineating the various parties' interest, rights, and obligations in the businesses.

{¶19} Count Three of the complaint was for breach of fiduciary duties, alleging appellants had failed to protect the assets of the corporations, had improperly paid themselves salaries, had failed to render appropriate accountings, had taken personal loans from the corporation and converted assets, and had failed to properly market the various assets for sale. The amended complaint included an allegation the two individual appellants improperly gave themselves $10,000.00 each after the sale of the corporate assets. Appellees alleged appellants negotiated the sales without conducting corporate meetings, and damaged the businesses' good will and value. Appellees also alleged appellants had paid personal bills with corporate funds.

{¶20} The amended complaint alleged there were further breaches of fiduciary duties, the full extent of which appellee could not know. Appellees alleged appellants acted with callous disregard of appellees' rights, and their actions were so intentional, willful, and wanton as to support an award of punitive damages.

{¶21} Count Four was for appropriation or conversion of corporate assets, while Count Five alleged abuse of authority and waste. Count Six was for unjust enrichment. Count Seven was captioned director liability, and asked the court to remove and/or enjoin appellants from acting as officers, directors and/or managers of the two corporations, and to replace them with appellee Virginia Grilli.

**{¶22}** Count Eight alleged the individual appellants had taken unlawful loans of funds from the corporations. Count Nine prayed for dissolution of the corporations or in the alternative for the appointment of a receiver, and Count Ten was for a permanent injunction prohibiting appellants from continuing the behavior alleged in the earlier counts. Appellees alleged damages in an amount in excess of $25,000.00 in Counts Three, Four, Five, Six, Seven and Eight, but pled no specifics.

**{¶23}** Seven days after the filing of the amended complaint, appellants' counsel asked for leave to withdraw. The court granted leave on February 26, 2009. Appellants alleged the withdrawal of counsel impaired their ability to answer the amended complaint. Appellants alleged they were unable to obtain new local counsel to become involved in the litigation at least in part because appellants had filed a malpractice suit against appellees' counsel and his law firm, an action which is not a part of the instant appeal.

**{¶24}** On March 17, 2009, appellees filed a motion for default judgment as to the allegations in its amended complaint. On April 9, 2009, appellants secured new counsel who filed a notice of appearance, a memorandum contra the motion for default judgment, and a proposed answer with a motion for leave to file out of rule. On July 7, 2009, the court overruled appellants' motion to file an answer out of rule. On August 7, 2009, the trial court overruled appellants' motion to reconsider the motion to file their answer. The court found appellants had not shown excusable neglect in their first motion, although they had an opportunity to do so.

**{¶25}** The trial court found that the first two counts of the amended complaint re-stated claims for declaratory judgment and accounting raised in the original complaint

and appellants had timely answered. The court held default judgment was improper on the two counts, finding appellants were entitled to a trial on the merits of the issues raised therein.

**{¶26}** The court found it was appropriate to hold in abeyance its ruling on the motion for default judgment on the remaining claims until such time as it could conduct a hearing on damages. The court found a hearing was necessary pursuant to Civ. R. 55 (A) because the appellees had not presented their damages with certainty, but rather, alleged unliquidated damages, equitable claims, and even claims where the damages were unknown to appellees. The court ordered the parties to conduct discovery and consolidated the damages hearing with the trial on the merits of appellees' first two claims.

Consolidation of Cases 2009-CV-079 and 2006-CV-345

**{¶27}** In 2009, appellants filed a new action, styled *Grilli Real Estate Corporation, Inc. v. Virginia Smith, as Administrator of the Estate of Robert Grilli*, Fairfield Common Pleas Case No. 2009-CV-0079. Appellees characterized this lawsuit as a re-statement of appellants' original claim that had been filed and rejected in Probate Court and subsequently in Common Pleas Court, although now appellants were attempting to pursue Virginia Grilli individually. In their complaint appellants argued she could be held liable even if appellants could not recover from the estate.

**{¶28}** On July 9, 2009, the court granted a partial summary judgment in favor of appellees, on appellants' complaint in case 2009-CV-0079, finding the appellants' counts for breach of fiduciary duty, fraud, and unjust enrichment were time barred.

**{¶29}** On August 13, 2009, appellees filed a motion to consolidate cases 2006-CV-345 and 2009-CV-0079, arguing the two cases presented common questions of law and fact and involved the same parties. The court agreed and consolidated the two cases.

**{¶30}** On October 7, 2009, appellants filed a motion to supplement their counterclaim, asserting Virginia Grilli in her administration of the estate, had deliberately and maliciously damaged the assets of Grilli Real Estate Company, by forcing it to expend funds to defend this action. On April 1, 2010, the court overruled appellants' motion to file the supplemental counterclaim. The court also considered appellees' motion for summary judgment on appellants' claim of fraudulent transfer, and appellees' counterclaim of abuse of process, vexatious litigation, claim on account, and unjust enrichment. The court found reasonable minds cannot come to but one conclusion regarding any of those claims and therefore denied summary judgment on each.

**{¶31}** On July 14, 2010, the trial court considered appellees' motion for partial summary judgment for the sale of assets and the damages associated with the sale, as well as for sanctions for discovery violations. The court sustained the motion for partial summary judgment on some of the claimed sales and damages but overruled it as to some of the claims for sale of assets, as well as the motion for sanctions. The court awarded appellees $32,950 in compensatory damages, $8,072 for attorney fees, and $2.00 punitive damages. The court directed appellees to prepare an entry, which it journalized on August 9, 2010.

**{¶32}** While the court declined to order sanctions for the discovery issues, it did construe the motion as a motion to compel discovery, and directed appellants to produce the requested items.

**{¶33}** This appears to leave the counts for the sale of the corporate assets, abuse of authority, waste, director liability, and unlawful loans remaining. The counts for an accounting, dissolution of the corporations or in the alternative for the appointment of a receiver, removal of the appellants Smith and Camden from the operations of the businesses, and for a permanent injunction also remained unresolved at this point in the proceedings, as did appellants' counterclaim.

**{¶34}** On May 10, 2011, the trial court began a trial on the remaining claims, but it was abruptly cut short. In the course of appellants' opening statement, appellees objected to appellants' stated intention to adduce evidence demonstrating the decedent had intentionally, purposely, and wrongfully appropriated the assets of Grilli Real Estate Corporation and Valerio's, Inc. for his personal benefit, thereby denying appellants Smith and Camden their share. Appellees argued appellants had not pled recoupment as an affirmative defense in the action. As a result of the objection, the court adjourned the trial to permit the parties to prepare and submit written briefs regarding the defense of recoupment.

**{¶35}** In their motion contra to appellees' objection, appellants stated their original answer and counterclaim set forth the pertinent facts which supported the defense of recoupment, even though it was not labeled as such. Appellants asserted their original counterclaim had alleged decedent had wrongfully and fraudulently appropriated corporate assets in excess of $1,000,000.00. Appellants conceded the

counterclaim was subsequently found to be barred by the statute of limitations, but they asserted the facts alleged should still give rise to the defense of recoupment.

{¶36} The trial was scheduled to re-convene on August 2, 2011, but was continued several times.

{¶37} On May 12, 2011, appellees filed a motion pursuant to Civ. R. 41 for partial dismissal of its claims. Appellees withdrew their claims for an accounting and for an injunction to allow inspection of records because appellants had produced documents and corporate records. Appellees also dismissed without prejudice the claim for declaratory judgment and their counterclaim in 2009-CV-0079 concerning Valerio's, because after discovery was concluded, it appeared Valerio's Inc. had no assets and litigating any damages claim against the corporation was pointless.

{¶38} In June, 2011 the trial court ruled appellants could not introduce evidence of recoupment because the counterclaim did not sufficiently state the necessary elements of recoupment as an affirmative defense. On January 18, 2012, appellees dismissed their remaining claims, except for the claim that appellants' complaint, filed in case number 09-0079, was frivolous. Appellees renewed their prayer for costs, attorney fees, and reasonable expenses.

{¶39} The trial court found appellees were not entitled to compensatory damages except as awarded in the previous summary judgment. On February 13, 2012, the court found appellees were entitled to recover on their last-remaining claim that appellants should be sanctioned for filing the complaint in 2009-CV-0079 against appellee Virginia Grilli personally for the acts originally brought in the Probate Court in

2005. The court awarded appellee Virginia Grilli $1,900 in attorney fees. This entry disposed of the last of the claims and this appeal ensued.

I.

{¶40} In their first assignment of error, appellants argue the trial court erred as a matter of law and abused its discretion in granting default judgment in favor of appellees on their amended complaint when appellants had appeared in the case and litigated the dispute for over three years.  Appellants argued the court erred in overruling their motion to file an answer out of rule.

{¶41} One week after appellees filed their amended complaint appellants' counsel of record filed a motion to withdraw, stating he had provided appellants with the amended complaint and advised them to seek an extension of time to file their answer. The court granted the motion to withdraw, but appellants did not file a motion for extension of time nor did they file an answer or any other responsive pleading within rule.  Their answer to the amended complaint was due March 1, 2009.  Over a month later, on April 8, 2009, appellants filed their motion to file their answer out of rule.

{¶42} Civ. R. 6 (B) provides if the Rules specify a time limit for any act, after the expiration of the time period a court can allow the act upon motion where the failure to act in a timely manner was the result of excusable neglect.  The court here specifically found appellants had made no showing of any excusable neglect for their failure to file a timely answer.

{¶43} A trial court's decision on whether a party's neglect was excusable may not be reversed absent an abuse of discretion. *Marion Prod. Credit Association v. Cochran*, 40 Ohio St.3d 265, 271, 533 N.E.2d 325 (1988). The Supreme Court has

frequently defined the term abuse of discretion as showing the court's attitude is unreasonable, arbitrary or unconscionable. See, e.g., *Blakemore v. Blakemore*, 5 Ohio St. 3d 217, 450 N.E.2d 1140 (1983).

**{¶44}** We find the trial court did not err as a matter of law or abuse its discretion in finding appellants' motion to file an answer out of rule was not well taken, and proceeding to consider the matters under a default judgment standard.

**{¶45}** The first assignment of error is overruled.

II.

**{¶46}** In their second assignment of error, appellants argue the trial court erred as a matter of law when it did not permit them to present evidence of the common law defense of recoupment to nullify or reduce appellees' damage claims.

**{¶47}** Appellants argue their original counterclaim pled sufficient facts to state the affirmative defense of recoupment. The trial court found the counterclaim was a claim for damages, not a mistakenly designated affirmative defense, and it had dismissed the counterclaim two years prior to the appellants' attempt to raise the defense of recoupment. The court found considering the length of time the matter had been pending, there was no reason appellants could not have raised the defense before the day of trial.

**{¶48}** We find the transactions at issue in appellants' recoupment defense had been originally rejected in the Probate Court, and affirmed by this court in *Grilli I,* and raised in the counterclaim, which the Common Pleas Court dismissed and this court affirmed in *Grilli II*. We also agree with the trial court appellants could not raise the defense for the first time in their opening statement at trial.

**{¶49}** We find the trial court did not err in finding appellants could not present evidence regarding the common law defense of recoupment.

**{¶50}** The second assignment of error is overruled.

III.

**{¶51}** In their third assignment of error, appellants argue the pleadings and evidence before the court did not recite the elements necessary for judicial dissolution of the Grilli Real Estate Corporation and of Valerio's, Inc.

**{¶52}** In its judgment entry of January 10, 2012, the trial court discussed counts nine and ten of appellees' amended complaint which requested that the court either appoint a receiver to wind up and dissolve the corporations or enjoin appellants Smith and Camden from taking action with respect to the corporations.

**{¶53}** The trial court correctly cited R.C. 1701.91 as vesting authority in the court of common pleas to order the dissolution of a corporation under four circumstances: (1) Where shareholders bring an action for voluntary dissolution and the court makes certain findings; (2) Where a majority of shareholders, or a lesser number as provided in the Articles of Incorporation, bring an action for dissolution and the court determines that judicial dissolution is beneficial to the shareholders; (3) In the event of certain described deadlocks between the directors of the corporation; or (4) When the prosecuting attorney brings an action for dissolution of a corporation used for criminal purposes.

**{¶54}** The trial court found the amended complaint did not allege any of the circumstances as set forth in R.C. 1701.91, but during the pendency of the action and particularly during the trial of the matter, both appellants Smith and Camden

represented they were seeking to conclude the affairs of both corporations. The court found appellant Smith specifically testified that the sale of the assets at issue in the case was an attempt to wrap up the business of the corporations and dispose of the assets. The trial court concluded even though the pleadings did not meet the requirements of R.C. 1701.91, the parties had presented sufficient evidence and the issues had actually been tried. The court found all three shareholders of the corporation sought dissolution of both corporations. The court further found that judicial dissolution would be beneficial to the shareholders because the relationship between the shareholders of the corporations has diminished to such an extent as had the value of the corporate assets.

{¶55} Our review of the record leads us to conclude the trial court correctly stated the law and applied it to the facts before it.

{¶56} The third assignment of error is overruled.

IV.

{¶57} In their fourth assignment of error, appellants argue the trial court erred in finding that three counts of appellants' complaint filed in Case No. 2009-CV-079 were barred by the statute of limitations. The complaint alleged appellee Virginia Grilli was personally responsible for the funds the decedent had misappropriated from Grilli Real Estate Corporation and Valerio's Inc. Specifically, appellants alleged the decedent took personal loans from corporate funds in 2002 and 2003, and did not repay the loans. Appellants' complaint was filed in 2009.

{¶58} Count One in Case No. 2009-CV-079 alleged a breach of fiduciary duty, which has a four-year statute of limitations, pursuant to R.C. 2305.09. The second

count alleged fraud, which also has a four-year statute of limitations, which accrues when the fraud is discovered. Appellants admitted they learned of the alleged fraudulent behavior in October 2004, more than four years before they filed their complaint.

{¶59} Count Three of the complaint alleged unjust enrichment. Unjust enrichment has a six year statute of limitations pursuant to R.C. 2305.07.  However, as the court correctly found, there is no discovery rule for claims of unjust enrichment.

{¶60} Appellants argue the wrongful act giving rise to the unjust enrichment occurred in December 2003 when decedent did not repay the unauthorized loans, even though decedent first acquired the funds improperly in December 2002.

{¶61} In *Ignash v. First Service Federal Credit Union,* 10th Dist. No. 01 AP-1326, 2002-Ohio-4395, the Franklin County Court of Appeals found a claim for unjust enrichment accrues on the date on which the money is wrongfully obtained.  We agree. If decedent was never authorized to acquire the funds, then the date on which he first took the loans is the accrual date for a claim for unjust enrichment.

{¶62} We find the trial court did not err in finding that appellants' claims for breach of fiduciary duty, fraud, and unjust enrichment were time barred.

{¶63} The fourth assignment of error is overruled.

V.

{¶64} In their fifth assignment of error, appellants argue the trial court erred in finding the claims referred to in IV supra were frivolous. The trial court found appellees were entitled to recover $1,900.00 from appellants Smith and Camden and their counsel for the expenses of defending the case.

{¶65} R.C. 2323.51 defines the term frivolous conduct:

(2) "Frivolous conduct" means either of the following:

(a) Conduct * * * that satisfies any of the following:

(i) It obviously serves merely to harass or maliciously injure another party to the civil action or appeal or is for another improper purpose, including, but not limited to, causing unnecessary delay or a needless increase in the cost of litigation.

(ii) It is not warranted under existing law, or cannot be supported by a good faith argument for an extension, modification, or reversal of existing law, or cannot be supported by a good faith argument for the establishment of new law.

(iii) The conduct consists of allegations or other factual contentions that have no evidentiary support or, if specifically so identified, are not likely to have evidentiary support after a reasonable opportunity for further investigation or discovery.

(iv) The conduct consists of denials or factual contentions that are not warranted by the evidence or, if specifically so identified, are not reasonably based on a lack of information or belief.

{¶66} In the recent case of *Helfrich v. Madison,* 5th Dist. No. 2011-CA-89, 2012-Ohio-3701, we noted such matters present a mixed question of law and fact. With regard to the legal issues, we review the court's decision de novo, whereas we defer to some degree in reviewing a trial court's factual determinations. *Helfrich,* ¶22, citations deleted. In *Helfrich,* we stated if the court finds the conduct to be frivolous, the decision

to assess a penalty lies within the sound discretion of the trial court, *Helfrich,* ¶ 23, citations deleted.

**{¶67}** We find the trial court did not err as a matter of law or abuse its discretion in determining appellants' complaint was frivolous, and awarding appellees attorney fees incurred in defending against it.

**{¶68}** The fifth assignment of error is overruled.

VI.

**{¶69}** In their sixth assignment of error, appellants argue the trial judge erred as a matter of law in entering partial summary judgment on appellees' complaint without conducting a hearing. The issue was whether appellants had retained installment payments on the sale of the corporations without giving appellees their share.

**{¶70}** The trial court found the damages were liquidated damages which stated a sum certain. Appellants did not challenge the actual amount of the payments, but argued they were not liable. The trial court correctly found this argument to be moot because it had granted default judgment as to liability.

**{¶71}** A trial court may award liquidated damages without conducting a hearing. Civ. R. 55 (A); *Buckeye Supply Company v. Northeast Drilling Co.,* 24 Ohio App. 3d 134, 493 N.E. 2d 964 (1985).

**{¶72}** We find the trial court did not err.

**{¶73}** The sixth assignment of error is overruled.

**{¶74}** For the foregoing reasons, the judgment of the Court of Common Pleas of Fairfield County, Ohio, is affirmed.

By Gwin, J.,

Delaney, P.J., and

Hoffman, J., concur

_____
HON. W. SCOTT GWIN


_____
HON.  PATRICIA A. DELANEY


_____
HON.  WILLIAM B. HOFFMAN


WSG:clw 1130

IN THE COURT OF APPEALS FOR FAIRFIELD COUNTY, OHIO

FIFTH APPELLATE DISTRICT

| | | |
|---|---|---|
| ESTATE OF ROBERT V. GRILLI | : | |
| | : | |
| Plaintiff-Appellee | : | |
| | : | |
| | : | |
| -vs- | : | JUDGMENT ENTRY |
| | : | |
| VIRGINIA SMITH, ET AL | : | |
| | : | |
| | : | |
| Defendants-Appellants | : | CASE NO. 2012-CA-12 |

For the reasons stated in our accompanying Memorandum-Opinion, the judgment of the Court of Common Pleas of Fairfield County, Ohio, is affirmed. Costs to appellant.

 

 

_____
HON. W. SCOTT GWIN


_____
HON. PATRICIA A. DELANEY


_____
HON. WILLIAM B. HOFFMAN