[Cite as *Provident Funding Assocs., LP v. Ettayem*, 2013-Ohio-5275.]

COURT OF APPEALS
DELAWARE COUNTY, OHIO
FIFTH APPELLATE DISTRICT

| | | |
|---|---|---|
| PROVIDENT FUNDING ASSOCIATES, LP | : | JUDGES: |
| | : | |
| | : | |
| | : | Hon. Sheila G. Farmer, P.J. |
| Plaintiff-Appellee | : | Hon. John W. Wise, J. |
| | : | Hon. Patricia A. Delaney, J. |
| -vs- | : | |
| | : | Case No. 13 CAE 04 0037 |
| | : | |
| ASHRAF A. ETTAYEM, ET AL. | : | |
| | : | |
| | : | |
| Defendant-Appellant | : | O P I N I O N |

CHARACTER OF PROCEEDING:      Appeal from the Delaware County Court of Common Pleas, Case No. 12 CV E 09 1118

JUDGMENT:                      AFFIRMED

DATE OF JUDGMENT ENTRY:      November 19, 2013

APPEARANCES:

For Plaintiff-Appellee:

SARAH A. OKRZYNSKI
P.O. Box 18638
Erlanger, KY 41018

For Defendant-Appellant:

MATTHEW J. RODA
522 North State Street
Westerville, OH 43082

*Delaney, J.*

{¶1} Defendant-Appellant Ashraf A. Ettayem appeals the April 1, 2013 judgment entry of the Delaware County Court of Common Pleas.

**FACTS AND PROCEDURAL HISTORY**

{¶2} On August 9, 2006, Defendant-Appellant Ashraf A. Ettayem executed a Note with PFG Loans, Inc. a dba Provident Funding Group, Inc. in the amount of $340,000. The note was secured by a Mortgage on his residence located in Westerville, Ohio.

{¶3} On September 24, 2012, Plaintiff-Appellee Provident Funding Associates, LP, the holder of the Note and Mortgage, filed a complaint in foreclosure against Ashraf A. Ettayem, Natasha A. Ettayem, Eastman Savings and Loan Association, Wesbanco Bank, Inc., PNC Bank, NA, and State of Ohio Department of Taxation. The complaint alleged Ashraf A. Ettayem defaulted on the terms of the Note, owing $311,110.32 together with interest at the rate of 3.000% per annum, from March 1, 2012 until the loan was fully repaid.

{¶4} Service of the summons and copy of the complaint was attempted by certified mail upon Ashraf Ettayem and Natasha A. Ettayem at the residence located in Westerville, Ohio on October 2, 2012, October 9, 2012, and November 26, 2012. On November 2, 2012, the certified mail was returned to the Delaware County Clerk of Courts marked "unclaimed." Pursuant to Civ.R. 4.6(D), service was made upon Ashraf Ettayem by ordinary mail on December 3, 2012 at the residence located in Westerville, Ohio. The answer to the complaint was due December 31, 2012.

{¶5} Eastman Savings and Loan Association was served by certified mail on December 5, 2012. Wesbanco Bank, Inc. was served by certified mail on September 27, 2012. PNC Bank, NA was served by certified mail on September 26, 2012. State of Ohio Department of Taxation was served by certified mail on September 27, 2012.

{¶6} State of Ohio Department of Taxation filed its Disclaimer of Interest on January 11, 2013.

{¶7} On January 16, 2013, Ashraf Ettayem filed a Motion for Leave to Plead Beyond Answer Deadline. In the motion, Ettayem stated he obtained counsel on January 15, 2013 and requested leave to file an answer by February 15, 2013. In his original motion for leave to plead, Ettayem did not allege excusable neglect pursuant to Civ.R. 6(B) as basis for his failure to timely answer the complaint.

{¶8} On January 18, 2013, Provident Funding filed a Motion for Default Judgment. Provident Funding moved for default judgment against Ashraf Ettayem, Natasha Ettayem, Eastman Savings and Loan Association, Wesbanco Bank, Inc., PNC Bank, NA, and State of Ohio Department of Taxation for their failure to file an answer after service of the complaint in foreclosure.

{¶9} Wesbanco Bank, Inc. filed a stipulated extension of time to file an answer to the complaint in foreclosure on January 28, 2013. The answer was simultaneously filed on January 28, 2013.

{¶10} On February 12, 2013, the trial court denied Ashraf Ettayem's motion for leave to plead. The trial court stated the motion failed to assert or demonstrate excusable neglect pursuant to Civ.R. 6(B).

{¶11} Ashraf Ettayem filed a motion for reconsideration of the denial for leave to plead on February 15, 2013. In his motion for reconsideration, Ettayem argued his failure to timely answer the complaint was based on excusable neglect. Ettayem attached his affidavit to the motion for reconsideration. He averred in the motion he did not receive notice of the complaint until January 3, 2013. He stated that due to marital difficulties, he did not reside at the Westerville residence for most of 2012 and he did not regularly receive correspondence mailed to the Westerville residence. His wife, who stayed at the Westerville residence, was out of the state from December 15, 2012 to December 30, 2012. He did not come back to the Westerville residence until December 30, 2012. On January 3, 2013, he discovered the complaint in his unopened mail. He obtained an attorney on January 7, 2013.

{¶12} The trial court ruled on the motion for reconsideration and motion for default judgment on April 1, 2013. The trial court stated that taking into consideration all of the surrounding facts and circumstances, it did not consider Ashraf Ettayem's failure to answer the complaint in foreclosure on or before December 31, 2012 was excusable neglect. It denied the motion for reconsideration and granted default judgment in favor of Provident Funding.

{¶13} It is from this decision Ashraf Ettayem now appeals.

### ASSIGNMENTS OF ERROR

{¶14} Ettayem raises three Assignments of Error:

{¶15} 'I. THE TRIAL COURT ABUSED ITS DISCRETION IN DENYING THE MOTION OF DEFENDANT, ASHRAF A. ETTAYEM, FOR RECONSIDERATION OF JUDGMENT ENTRY DENYING LEAVE TO PLEAD FOR THE REASON THAT THE

COURT HAD UNREASONABLY AND ARBITRARILY DENIED DEFENDANT OPPORTUNITY TO ANSWER THE COMPLAINT DESPITE RECOGNIZING RESPONSES FILED BY OTHER DEFENDANTS THAT WERE MORE TARDY THAN APPELLANT'S AND DONE WITHOUT LEAVE OF COURT.

{¶16} "II. THE TRIAL COURT ABUSED ITS DISCRETION IN DENYING THE MOTION OF DEFENDANT, ASHRAF A. ETTAYEM, FOR RECONSIDERATION OF JUDGMENT DENYING LEAVE TO PLEAD FOR THE REASON THAT DEFENDANT HAD SATISFIED THE REQUIREMENTS OF CIV.R. 6(B).

{¶17} "III. THE TRIAL COURT ABUSED ITS DISCRETION IN RENDERING DEFAULT JUDGMENT AND JUDGMENT ENTRY DECREE IN FORECLOSURE, AGAINST DEFENDANT, ASHRAF A. ETTAYEM."

**ANALYSIS**

*I., II.*

{¶18} We consider Ettayem's first and second Assignments of Error together because they require interrelated analysis. Ettayem argues that considering the total circumstances and the procedural history of the case, the trial court abused its discretion when it denied his motion for reconsideration for leave to plead to the complaint in foreclosure. We disagree.

Time under Civ.R. 6

{¶19} Service by certified mail of the complaint in foreclosure upon Ettayem failed. At the request of Provident Funding and pursuant to Civ.R. 4.6(D), service was made upon Ettayem by ordinary mail. The certificate of mailing was completed and filed by the clerk of courts on December 3, 2012. The ordinary mail envelopes were not

returned by the postal authorities with an endorsement showing failure of delivery. According to Civ.R. 4.6(D), "[a]nswer day shall be twenty-eight days after the date of mailing as evidenced by the certificate of mailing." *See also* Civ.R. 12(A)(I). Ettayem's answer date was December 31, 2012.

{¶20} On January 16, 2013, Ettayem filed a motion for leave to plead. Ettayem did not allege Civ.R. 6(B) in his motion for leave to plead. After the denial of the motion for leave to plead, Ettayem raised Civ.R. 6(B) as the basis for the trial court to grant his motion for reconsideration of the motion for leave to plead.

{¶21} Civ.R. 6(B) governs the trial court's discretion to allow a party to file an answer out of time:

When by these rules or by a notice given thereunder or by order of court an act is required or allowed to be done at or within a specified time, the court for cause shown may at any time in its discretion (1) with or without motion or notice order the period enlarged if request therefor is made before the expiration of the period originally prescribed or as extended by a previous order, or (2) upon motion made after the expiration of the specified period permit the act to be done where the failure to act was the result of excusable neglect; but it may not extend the time for taking any action under Civ.R. 50(B), Civ.R. 59(B), Civ.R. 59(D), and Civ.R. 60(B), except to the extent and under the conditions stated in them.

{¶22} A trial court's decision on whether a party's neglect was excusable may not be reversed absent an abuse of discretion. *Grilli v. Smith*, 5th Dist. Fairfield No. 2012-CA-12, 2012-Ohio-6146, ¶ 43 citing *Marion Prod. Credit Association v. Cochran,*

40 Ohio St.3d 265, 271, 533 N.E.2d 325 (1988). The Supreme Court has frequently defined the term abuse of discretion as showing the court's attitude is unreasonable, arbitrary, or unconscionable. *See*, *e.g.*, *Blakemore v. Blakemore,* 5 Ohio St.3d 217, 450 N.E.2d 1140 (1983).

Excusable Neglect under Civ.R. 6(B)(2)

{¶23} The trial court has discretion to grant leave to file an untimely answer. That discretion is limited, however, by the determination of whether the neglect for failure to file a timely answer was excusable or inexcusable. *Miller v. Lint*, 62 Ohio St.2d 209, 214, 404 N.E.2d 752 (1980). "Although excusable neglect cannot be defined in the abstract, the test for excusable neglect under Civ.R. 6(B)(2) is less stringent than that applied under Civ.R. 60(B)." *State ex rel. Lindenschmidt v. Butler Cty. Bd. of Commrs.*, 72 Ohio St.3d 464, 466, 650 N.E.2d 1343 (1995). "'Neglect under Civ.R. 6(B)(2) has been described as conduct that falls substantially below what is reasonable under the circumstances.' *Davis v. Immediate Medical Services, Inc.,* 80 Ohio St.3d 10, 14, 684 N.E.2d 292, 1997–Ohio–363. 'The determination of whether neglect is excusable or inexcusable must take into consideration all the surrounding facts and circumstances, and courts must be mindful of the admonition that cases should be decided on their merits, where possible, rather than procedural grounds.' *State ex rel. Lindenschmidt v. Butler Cty. Bd. of Commrs.,* 72 Ohio St.3d 464, 466, 650 N.E.2d 1343, 1995-Ohio-49, citing *Marion Production Credit Assn. v. Cochran* (1988), 40 Ohio St.3d 265, 271, 533 N.E.2d 325." *Ihenacho v. Ohio Inst. of Photography & Technology*, 2nd Dist. Montgomery No. 24191, 2011-Ohio-3730, ¶ 19.

Ettayem's Excusable Neglect under Civ.R. 6(B)(2)

{¶24} Ettayem argues it was excusable neglect that he failed to timely answer the complaint in foreclosure. His affidavit stated he did not receive notice of the complaint until January 3, 2013. He stated that due to marital difficulties, he did not reside at the Westerville residence for most of 2012 and he did not regularly receive correspondence mailed to the Westerville residence. His wife, who stayed at the Westerville residence, was out of the state from December 15, 2012 to December 30, 2012. He did not come back to the Westerville residence until December 30, 2012. On January 3, 2013, he discovered the complaint in his unopened mail. He obtained an attorney on January 7, 2013.

{¶25} Provident Funding filed a complaint in foreclosure on September 24, 2012 based on Ettayem's default under the terms of the Note and Mortgage encumbering the Westerville residence. The complaint in foreclosure was served by certified mail at the Westerville residence on October 2, 2012, October 9, 2012, and November 26, 2012. When certified mail failed, Provident Funding served the complaint by ordinary mail to the Westerville residence on December 3, 2012.

{¶26} Ettayem filed the original motion for leave to plead on January 16, 2013. The original motion inarguably failed to meet the requirements of Civ.R. 6(B)(2) and made no argument that Ettayem's failure to answer was based on excusable neglect. The trial court denied the motion on that basis on February 12, 2013. Provident Funding filed its motion for default judgment on January 18, 2013. Ettayem filed his motion for reconsideration on February 15, 2013, where he raised Civ.R. 6(B)(2). The trial court denied the motion for reconsideration on April 1, 2013.

{¶27} The trial court held Ettayem's conduct was not excusable neglect.  The court held:

Defendant Ashraf Ettayem's mail was accessible to his wife who continued to reside in the residence while they were separated.  She was residing there when the certified mail from the Clerk of Court was "unclaimed" on three separate occasions and when the ordinary mail from the same Clerk of Courts was served on or about December 3, 2012 (i.e. she was in California from December 15, 2012 until December 30, 2012).  He entrusted the responsibility of his mail to her, otherwise he would have had it forwarded to a separate mailing address at which he could assume complete responsibility.   The Defendant has admitted carelessness, neglect, disregard and/or lack of attention to his mail "for most of 2012" and in particular for the time of September 24, 2012 through January 3, 2013, when he finally decided to "[sit] down to go through his mail."

(Judgment Entry, April 1, 2013).

{¶28} Ettayem states the facts of this case are similar to those in *Yoakam v. Boyd*, 6th Dist. No. OT-08-012, 2009-Ohio-395.  In that case, an out-of-state defendant was served with a complaint on July 23, 2007.  The defendant was required to file an answer on or before August 21, 2007.  The plaintiff filed a motion for default judgment on August 27, 2007.  The out-of-state defendant filed a motion for leave to plead on August 29, 2007.  The trial court granted the motion for default judgment without ruling on the defendant's motion for leave to plead.  *Id.* at ¶ 11.

{¶29} The defendant appealed the trial court's decision to grant the motion for default judgment.  The Sixth District Court of Appeals reversed the trial court's decision.  It found that under the circumstances of the case, the trial court abused its discretion in granting the motion for default judgment while the defendant's motion for leave to answer was pending.  *Id.* at ¶ 12.  It stated the trial court did not consider whether the defendant established excusable neglect before ruling on the motion for default judgment.  It reversed the judgment of the trial court and remanded the matter to the trial court for further consideration.  *Id.* at ¶ 12, 15.

{¶30} In *Everbank v. Vanarnhem*, 3rd Dist. Union No. 14-13-02, 2013-Ohio-3872, the court found a defendant's argument that his pre-existing chronic illness prevented him from finding an attorney and filing an answer after eight months, among other circumstances, did not constitute excusable neglect.  The court held that sudden illness can constitute excusable neglect because it is by definition unanticipated and may prevent a party from timely responding.  *Id.* at ¶ 21, 22.  "A party suffering from a pre-existing, chronic illness, on the other hand, knows about the condition and must account for it when responding to the pleadings."  *Id.*

{¶31} We find the holding in *Everbank* to be somewhat analogous to the present case.  Ettayem's argues his failure to collect his mail for at least a year was excusable neglect.  The basis of this foreclosure action is Ettayem's alleged default under the terms of the Note and Mortgage on his Westerville residence.  Ettayem admitted he did not check his mail for a year because he left his Westerville residence, while his wife continued to reside at the home.  Ettayem made no allegation he was prevented from obtaining his mail due to unanticipated circumstances.

{¶32} This case can be differentiated from *Yoakam v. Boyd.* In that case, the trial court granted default judgment without considering the defendant's motion for leave to plead. In the present case, the trial court considered both Ettayem's motion for leave to plead and Ettayem's motion for reconsideration. Ettayem's original motion for leave to plead was denied based on his failure to allege excusable neglect pursuant to Civ.R. 6(B)(2). The motion for reconsideration, alleging excusable neglect, was filed after Provident Funding filed its motion for default judgment. The trial court considered the motion and attached evidentiary material and found no excusable neglect. We can find no abuse of discretion for the trial court to determine, under the circumstances, there was no excusable neglect.

{¶33} Ettayem argues the trial court's decision to deny the motion for leave to plead was an abuse of discretion based on the procedural history of the case. He states the trial court permitted the State of Ohio Department of Taxation to file its disclaimer of interest and Wesbanco Bank, Inc. to file its stipulated answer in January 2013, without leave of court. The answer of Wesbanco Bank, Inc. declared its interest in the Westerville residence. The answers of those parties established a priority of interests in the Westerville residence.

{¶34} The trial court rules on those matters presented to it. In this case, the issue presented to the trial court was Ettayem's motion for leave to plead and motion for reconsideration of the denial for leave to plead.

{¶35} We find no abuse of discretion for the trial court to deny Ettayem's motion for leave to plead and motion for reconsideration. Ettayem's first and second Assignments of Error are overruled.

*III.*

{¶36} Ettayem argues in his third Assignment of Error the trial court erred when it granted default judgment in favor of Provident Funding.

{¶37} A trial court's decision to grant or deny a motion for default judgment is reviewed for an abuse of discretion. *Queen v. Hanna,* 2012-Ohio-6291, 985 N.E.2d 929, ¶ 20 (4th Dist.) citing *Dye v. Smith,* 189 Ohio App.3d 116, 2010–Ohio–3539, 937 N.E.2d 628, ¶ 7 (4th Dist.). Civ.R. 55(A) states, "When a party against whom a judgment for affirmative relief is sought has failed to plead or otherwise defend as provided by these rules, the party entitled to a judgment by default shall apply in writing or orally to the court therefor; * * *."

{¶38} Based on our decision on the first and second Assignments of Error, we find no abuse of discretion for the trial court's decision to grant default judgment in favor of Provident Funding.

{¶39} Ettayem's third Assignment of Error is overruled.

**CONCLUSION**

{¶40} The three Assignments of Error of Defendant-Appellant Ashraf A. Ettayem are overruled.

{¶41} The judgment of the Delaware County Court of Common Pleas is affirmed.

By:  Delaney, J.,

Farmer, P.J. and

Wise, J., concur.

_____
HON. PATRICIA A. DELANEY


_____
HON. SHEILA G. FARMER


_____
HON. JOHN W. WISE