[Cite as *M.R. Durant Elec., L.L.C. v. Awesome87, L.L.C.*, 2017-Ohio-4331.]

COURT OF APPEALS
MUSKINGUM COUNTY, OHIO
FIFTH APPELLATE DISTRICT

|  |  | JUDGES: |
| --- | --- | --- |
| M.R. DURANT ELECTRIC, LLC | : | Hon. W. Scott Gwin, P.J. |
|  | : | Hon. John W. Wise, J. |
| Plaintiff-Appellee | : | Hon. Earle E. Wise, J. |
|  | : |  |
| -vs- | : |  |
|  | : | Case No. CT2016-0060 |
| AWESOME87, LLC, ET AL | : | CT2017-0003 |
|  | : |  |
| Defendants-Appellants | : |  |
|  | : | O P I N I O N |

CHARACTER OF PROCEEDING:      Civil appeal from the Muskingum County Court of Common Pleas, Case No. CH2015-0389

JUDGMENT:      Affirmed in part; Reversed and Remanded in part

DATE OF JUDGMENT ENTRY:      June 15, 2017

APPEARANCES:

For Defendants-Appellants
TUCKER ELLIS, LLP
950 Main Street
Suite 1100
Cleveland, OH 44113

For Appellee CAMM Construction
SCOTT EICKELBERGER
50 North Fourth Street
P.O. Box 1030
Zanesville, OH 43702

*Gwin, P.J.*

{¶1}   Appellants appeal the October 24, 2016 and December 22, 2016 judgment entries of the Muskingum County Court of Common Pleas.

*Facts & Procedural History*

{¶2}   On October 30, 2015, M.R. Durant Electric, LLC ("Durant") filed a complaint against appellant Awesome87, appellant SPG87, LLC, appellee CAMM Construction ("CAMM"), Modern Glass, Paint and Tile Co., Inc., Keybank, N.A., and the Muskingum County Treasurer, for breach of contract, unjust enrichment, quantum meruit, and foreclosure of mechanics' lien.  Durant alleged it contracted with CAMM to provide certain labor and materials to property owned by Awesome87.  Awesome87 owns the real property at issue and CAMM was hired as the general contractor for the project on the property.  CAMM hired subcontractors Modern Glass and Durant.

{¶3}   Appellants filed answers to Durant's complaint.  On January 29, 2016, CAMM filed an answer to Durant's complaint.  Also contained in CAMM's answer was what CAMM called "counterclaims" against appellants for breach of contract, unjust enrichment, quantum meruit, and foreclosure of mechanics' lien.

{¶4}   On March 14, 2016, CAMM filed a motion for default judgment against appellants.  The motion does not request damages and there is no affidavit attached establishing the amount of damages.  On March 15, 2016, Durant filed a notice of dismissal of its case with prejudice, leaving only CAMM's claims against appellants pending.

{¶5}   Appellants filed a motion for leave to file answer instanter to appellee's cross-claims and opposition to appellee's motion for default judgment on May 17, 2016.

Appellants argued appellee improperly styled its cross-claims as counterclaims. Appellants contended they should be entitled to file their answer instanter pursuant to Civil Rule 6(B) due to excusable neglect because when the January 29th document was received at the law office, it was mistakenly not forwarded to the specific attorneys on the case. Further, that their motion was appropriate since discovery had not yet begun and these cross-claims are subject to a mandatory arbitration provision in the contract between appellants and appellee. Appellants attached the affidavits of the two attorneys on the case stating they never received a copy of the improperly-styled cross-claims. Also on May 17, 2016, appellants filed a motion to stay and compel arbitration.

{¶6} Appellee filed a memorandum contra to the motion for leave to file instanter and a memorandum contra to the motion to stay and compel arbitration. The trial court set a hearing on the motions. At the October 14, 2016 hearing, appellee argued in favor of its motion for default and appellants argued in favor of their motion for leave to file answer instanter. At the conclusion of the parties' arguments, the trial court granted the motion for default. Appellee did not present any evidence as to damages.

{¶7} The trial court issued a judgment entry on October 24, 2016 denying appellants' motion for leave to file and granting appellee's motion for default. The trial court stated appellants' belief the claims are subject to arbitration is not excusable neglect. The trial court further noted appellants did not file their motion to compel arbitration until appellee filed its motion for default judgment. The trial court was unpersuaded by the affidavits appellants attached to their motion as the trial court found they failed to show any circumstance or explanation that would amount to excusable neglect as the cross-claim was in the file and it was ignored. The trial court granted

appellee's motion for default judgment in the amount of $338,334.86, plus interest from August 25, 2015 and found appellee has a valid lien on the premises.  The trial court found the motion to stay and compel arbitration moot.  Appellants filed an appeal of the trial court's denial of the motion for leave to file and the granting of the motion for default judgment.

{¶8}    While appellants' first appeal was pending, appellants filed a motion for relief from judgment pursuant to Civil Rule 60(B) and requested an oral hearing on the motion.  Appellants argued the law firm uses a dual docketing system to track deadlines, the system was in place when CAMM filed its responsive pleading, and the system was inadvertently not followed when a legal secretary inadvertently failed to send an electronic copy of the pleading to the attorneys on the case.  Appellants stated the response was not computed by its docketing department because it was improperly labeled a counterclaim when it should have been captioned a cross-claim.  Appellants also contended if the motion for relief was granted, the case should be stayed and sent to arbitration based upon the arbitration clause contained in the contract between the parties.

{¶9}    Appellants stated they had multiple defenses to appellee's complaint, including the fact that they satisfied their obligations under the contract or were excused from doing so and that appellee was seeking damages for work not authorized under the contract.  Appellants also argued the trial court erred in granting default judgment to the extent the motion challenges the amount of the award as they can demonstrate the award is significantly overstated because it includes amounts CAMM owed to its subcontractors Durant and Modern Glass, both of which filed liens directly against appellants and both

of which appellants have settled and paid. Because CAMM no longer owes these subcontractors, appellants argued the trial court's granting of default judgment in the amount of $338,334.86 results in a windfall to CAMM.

**{¶10}** Appellants attached to their motion for relief an affidavit of the docket assistant who stated there are procedures in place for an internal docketing system where the docketing department reviews the document to determine whether a response is required and, if such response is required, notifies each attorney on the case. She stated the docketing department typically does not review the entire document since this is done by the attorneys. The docket assistant averred she received a copy of the pleading from the legal secretary, she did not identify a due date because it was captioned "counterclaim", and if it would have been correctly captioned as a cross-claim, she would have calculated a due date. Further, that the attorneys on the case did not receive notice of the due date of the response.

**{¶11}** Appellants also attached to their motion for relief the affidavit of the legal secretary who averred the procedure for when she receives a pleading is for her to scan the document, send it to the docketing department, e-mail an electronic copy to the attorneys on the case, and put the original in the file. The legal secretary stated that, in this case, she made a mistake and did not e-mail the attorneys an electronic copy of the pleading.

**{¶12}** Appellee filed a memorandum contra to appellants' motion for relief. Appellants filed a reply. Appellants again requested an oral hearing on their motion and specifically sought to introduce evidence that appellee's damages were overstated because the claims of Durant and Modern Glass were settled. Appellants attached

Exhibit A, the satisfaction and release of mechanic's lien by Durant, which states Durant's lien against Awesome87 LLC and SPG87 LLC is satisfied, released, and discharged. Appellants also attached Exhibit B., the release of mechanic's lien by Modern Glass, which states Modern Glass' lien against Awesome87 LLC and SPG87 LLC is released and discharged.

{¶13} Appellants filed a motion for limited remand and requested this Court remand the case to the trial court so the trial court could rule on the motion for relief from judgment. We granted their motion and remanded the case to the trial court to rule on the motion for relief from judgment.

{¶14} The trial court issued a judgment entry on December 22, 2016 denying appellants' motion for relief. The trial court found the excuses given by the attorneys do not rise to excusable neglect. Further, that even though the pleading should have been captioned as a cross-claim, both types of claims have the same time period in which to answer. The trial court stated all parties had been negotiating for some time prior to the lawsuit being filed. The trial court found the certificate of service on the responsive pleading states it was served on a specific attorney and it should not be put into a computer and then forgotten about.

{¶15} Appellants appeal the October 24, 2016 and December 22, 2016 judgment entries of the Muskingum County Court of Common Pleas and assign the following as error:

{¶16} "I. THE TRIAL COURT ERRED WHEN IT DENIED THE MOTION FOR RELIEF FROM JUDGMENT OF DEFENDANTS-APPELLANTS AWESOME87 LLC AND

SPG87 LLC (AWESOME87) AND WITHOUT CONDUCTING A HEARING ON THE MOTION.

{¶17} "II. THE TRIAL COURT ERRED WHEN IT DENIED AWESOME 87'S MOTION FOR LEAVE TO FILE ANSWERS INSTANTER, GRANTED THE MOTION OF DEFENDANT-APPELLEE CAMM CONSTRUCTION SERVICE LLC FOR DEFAULT JUDGMENT ON ITS MIS-CAPTIONED "COUNTERCLAIM" AGAINST AWESOME87, AND ENTERED JUDGMENT AGAINST AWESOME87 FOR MONEY DAMAGES AND FORECLOSURE.

{¶18} "III. THE TRIAL COURT ERRED WHEN IT DENIED AS MOOT AWESOME87'S MOTION TO STAY PROCEEDINGS AND TO COMPEL ARBITRATION."

I.

{¶19} In their first assignment of error, appellants argue the trial court abused its discretion in denying their motion for relief pursuant to Civil Rule 60(B)(1). The decision whether to grant a motion for relief from judgment under Civil Rule 60(B) lies within the trial court's sound discretion. *Griffey v. Ragan*, 33 Ohio St.3d 75, 514 N.E.2d 1122 (1987). In order to find an abuse of discretion, we must determine the trial court's decision was unreasonable, arbitrary, or unconscionable. *Blakemore v. Blakemore*, 5 Ohio St.3d 217, 450 N.E.2d 1140 (1983).

{¶20} Civil Rule 60(B) provides, "on motion and upon such terms as are just, the court may relieve a party or his legal representative from a final judgment, order, or proceeding for the following reasons: (1) mistake, inadvertence, surprise or excusable neglect * * *." A party seeking relief from judgment pursuant to Civil Rule 60(B) must

show: (1) a meritorious defense or claim to present if relief is granted; (2) entitlement to relief under one of the grounds set forth in Civ.R. 60(B)(1)-(5); and (3) the motion must be timely filed. *GTE Automatic Electric., Inc. v. ARC Industries, Inc.*, 47 Ohio St.2d 146, 351 N.E.2d 113 (1976). A failure to establish any one of these three requirements will cause the motion to be overruled. *Argo Plastic Prod. Co. v. Cleveland*, 15 Ohio St.3d 389, 474 N.E.2d 328 (1984).

{¶21} Appellants specifically argue the trial court erred in finding no excusable neglect. To determine whether neglect is "excusable" under Civ.R. 60(B)(1), a court must consider all the surrounding facts and circumstances. *Rose Chevrolet, Inc. v. Adams*, 36 Ohio St.3d 17, 520 N.E.2d 564 (1988). Excusable neglect has been defined as some action "not in consequence of the party's own carelessness, inattention, or willful disregard of the process of the court, but in consequence of some unexpected or unavoidable hindrance or accident." *Maggiore v. Barensfeld*, 5th Dist. Stark Nos. 2011CA00180, 2011CA00230, 2012-Ohio-2909.

{¶22} It is well-settled that mere carelessness on a litigant's part, or on the part of his or her attorney, is not sufficient to rise to the level of mistake, inadvertence, surprise, or excusable neglect. *Muskingum Watershed Conservatory District v. Kellar*, 5th Dist. Tuscarawas No. 2011AP020009, 2011-Ohio-6889; *Blaney v. Kerrigan*, 5th Dist. Fairfield No. 12-CA-86, 1986 WL 8646 (Aug. 4, 1986). "Excusable neglect is not present if the party seeking relief could have prevented the circumstances from occurring." *Maggiore v. Barensfeld*, 5th Dist. Stark Nos. 2011CA00180, 2011CA00230, 2012-Ohio-2909; *Stevens v. Stevens*, 5th Dist. Fairfield No. 16-CA-17, 2016-Ohio-7925.

**{¶23}**  In this case, we find the trial court did not abuse its discretion in finding no excusable neglect under these facts and circumstances.  There is no dispute appellee served the pleading by ordinary mail to the law firm representing appellants and the law firm received the pleading.   While the pleading mistakenly called the claim a "counterclaim" rather than a "cross-claim," it is apparent from the body of the document that appellee is asserting cross-claims against appellants.  Further, there is evidence the party seeking relief could have prevented the circumstances from occurring if the docketing department had read the document and/or the pleading was routed to the attorneys on the case.  We may not substitute our judgment for that of the trial court. *Pons v. Ohio State Med. Bd.*, 66 Ohio St.3d 619, 614 N.E.2d 748 (1993).

**{¶24}**  Accordingly, we find the trial court did not abuse its discretion in finding no excusable neglect.

*Damages*

**{¶25}**  Appellants also contend the trial court erred in denying their motion for relief from judgment under 60(B) to the extent the motion challenges the amount of the damages award.  Further, that the trial court abused its discretion when it failed to hold a hearing because the motion set forth operative facts showing appellee's damages were overstated.

**{¶26}**  The Ohio Supreme Court has held that when the evidence presented at a default judgment hearing is insufficient to support the damages awarded, the trial court abuses its discretion when it denies a Civ.R. 60(B) motion to the extent that the motion challenges the amount of the award.  *Carr v. Charter Nat'l Life Ins. Co.*, 22 Ohio St.3d 11, 488 N.E.2d 199 (1986).  Case law holds that a damages hearing may not be necessary

when a plaintiff is seeking only liquidated damages. *W2 Properties, LLC v. Haboush*, 196 Ohio App.3d 194, 2011-Ohio-4231, 962 N.E.2d 858 (1st Dist.); *Qualchoice, Inc. v. Brennan*, 11th Dist. Lake No. 2008-L-143, 2009-Ohio-2533.

{¶27} In *Heckman v. Porter*, 5th Dist. Stark Nos. 2002CA00380, 2002CA00381, 2003-Ohio-3135, this Court found that when a motion for default judgment does not request damages, there is no affidavit attached to the motion for default indicating what appellees considered to be their damages, the trial court did not hold a hearing on the issue of damages, and the trial court awarded unliquidated damages, the trial court erred in not sustaining the motion to vacate the judgment to the extent it challenged the damages.

{¶28} We find this case analogous to *Heckman.* In this case, the motion for default filed by appellee did not request damages and there is no affidavit attached to the motion for default indicating what appellee considered to be its damages. Further, although the trial court conducted a hearing on the motion for default and the motion for leave to file instanter, there was no evidence presented as to damages, or even a request made as to the amount of damages. The mechanic's lien gives a materialman an interest in the property to secure payment for materials and fixes the order of priority for payment, but the debt underlying the lien is separate. *Portco v. Eye Specialists, Inc.*, 177 Ohio App.3d 139, 2008-Ohio-3154, 894 N.E.2d 84 (4th Dist.).

{¶29} Appellants properly challenged the amount of damages awarded in their Civil Rule 60(B) motion, as they argued the mechanic's lien overstated the amount of damages because it includes amounts CAMM owed its subcontracts Durant and Modern Glass, which appellants have already paid. Copies of the release of the mechanic's liens

from Durant and Modern Glass were attached as exhibits to appellants' relief from judgment briefing.

**{¶30}**  Though appellee argues in its brief it has "no knowledge about what claims, if any, were settled," at the October 14, 2016 hearing, counsel for appellee stated appellants have been involved in the case from the beginning and "they have settled with at least two parties involved in this court."  If the damage award includes the amounts that have already been settled and paid by appellants, this would result in a windfall for appellee as it would be recovering the same amount twice.  *Thompson Thrift Constr. v. Lynn*, 5th Dist. Delaware No. 16 CAE 0044, 2017-Ohio-1530 (finding the trial court abused its discretion when it awarded damages that represented a double recovery for the appellee).

**{¶31}** We find the trial court should have conducted a hearing on damages because the record contains an inadequate basis to support the damages awarded. Accordingly, we find the trial court erred in not sustaining the motion to vacate the judgment to the extent it challenged the amount of the award.

**{¶32}**  Appellants' first assignment of error is sustained in part and overruled in part.

II.

**{¶33}**  In their second assignment of error, appellants contend the trial court erred when it denied their motion for leave to file answer instanter and granted appellee's motion for default judgment.

**{¶34}**  Civil Rule 6(B) provides that, "when by these rules * * * an act is required or allowed to be done at or within a specified time, the court for cause shown may at any

time in its discretion * * * upon motion made after the expiration of the specified period permit the act to be done where the failure to act was the result of excusable neglect." The trial court has discretion to grant leave to file an untimely answer. That discretion is limited, however, by the determination of whether the neglect or failure to file a timely answer is excusable or inexcusable. *Miller v. Lint*, 62 Ohio St.2d 209, 404 N.E.2d 752 (1980).

**{¶35}** A trial court's decision on whether a party's neglect was excusable may not be reversed absent an abuse of discretion. *Grilli v. Smith*, 5th Dist. Fairfield No. 2012-CA-12, 2012-Ohio-6146. An abuse of discretion is more than an error of judgment; it means the trial court was unreasonable, arbitrary, or unconscionable in its ruling. *Blakemore v. Blakemore*, 5 Ohio St.3d 217, 450 N.E.2d 1140 (1983). When applying the abuse of discretion standard, an appellate court may not substitute its judgment for that of the trial court. *Pons v. Ohio State Med. Bd.*, 66 Ohio St.3d 619, 614 N.E.2d 748 (1993).

**{¶36}** Appellants argue the trial court erred in finding no excusable neglect. In determining whether an untimely answer is due to excusable neglect, a court must consider all of the surrounding facts and circumstances. *Davis v. Immediate Med. Servs., Inc.*, 80 Ohio St.3d 10, 684 N.E.2d 292 (1997). Neglect under Civil Rule 6(B)(2) has been described as "conduct that falls substantially below what is reasonable under the circumstances." *Id.* "The determination of whether neglect is excusable or inexcusable must take into consideration all the surrounding facts and circumstances, and courts must be mindful of the admonition that cases should be decided on their merits, where possible, rather than procedural grounds." *State ex rel. Lindenschmidt v. Butler Cty. Bd. of*

*Commrs.*, 72 Ohio St.3d 464, 650 N.E.2d 1343 (1995), citing *Marion Production Credit Assn. v. Cochran*, 40 Ohio St.3d 265, 533 N.E.2d 325 (1988).

**{¶37}** In addition, despite the presence of special or unusual circumstances, excusable neglect does not exist if the party or his attorney could have controlled or guarded against the special or unusual circumstance that led to the untimely answer. *Hillman v. Edwards*, 10th Dist. Franklin No. 10AP-58, 2010-Ohio-3524; *Vanest v. Pillsbury Co.*, 124 Ohio App.3d 525, 706 N.E.2d 825 (4th Dist. 1997).

**{¶38}** We cannot say the trial court abused its discretion in finding appellants did not demonstrate excusable neglect for their untimely filing.  As detailed above, there is evidence from which the trial court could have found appellants' attorneys could have controlled or guarded against the special circumstance that led to the late answer.  Further, when appellants filed their motion for leave to file instanter, they did not include the affidavits that were attached to the motion for relief from the legal secretary and the docketing department employee that detailed how and why the answer was not timely filed.

**{¶39}** As to the motion for default judgment, a trial court's decision to grant or deny a motion for default judgment is reviewed for an abuse of discretion.  *Provident Funding Assocs, LP v. Ettayem*, 5th Dist. Delaware No. 13 CAE 04 0037, 2013-Ohio-5275.  Civil Rule 55(A) states, "when a party against whom a judgment for affirmative relief is sought has failed to plead or otherwise defend as provided by these rules, the party entitled to judgment by default shall apply in writing or orally to the court therefor * * *."

**{¶40}** Based on our analysis above, we find no abuse of discretion in the trial court's decision to grant default judgment in favor of appellee.  However, also based upon

our analysis above, we find it was an abuse of discretion for the trial court to award damages on that default, as the evidence presented at the damages hearing was insufficient to warrant the damages awarded.

III.

**{¶41}** In their third assignment of error, appellants contend the trial court erred when it denied as moot their motion to compel arbitration. We disagree.

**{¶42}** In the first two assignments of error, we found the trial court did not abuse its discretion in finding no excusable neglect and in granting the motion for default as to the claims against appellants, but found the trial court did abuse its discretion in not granting the motion to vacate as it relates to damages. Thus, the claims against appellants have been resolved and the trial court need only hold a damages hearing to determine the appropriate amount of damages. Accordingly, we find the trial court did not err in finding the motion to compel arbitration moot.

**{¶43}** Appellants' third assignment of error is overruled.

**{¶44}** Based on the foregoing, appellants' first and second assignments of error are overruled in part and sustained in part. Appellants' third assignment of error is moot.

{¶45}   The October 24, 2016 and December 22, 2016 judgment entries of the Muskingum County Court of Common Pleas are affirmed in part and reversed and remanded in part for a hearing on the issue of damages.   The trial court's judgment is affirmed in all other respects.

By Gwin, P.J.,

Wise, John, J., and

Wise, Earle, J., concur